EFFIE ELLIOTT, ED ELLIOTT AND PARTHENIA ELLIOTT v. JULIA ANN McCALL GOSS, ADMINISTRATRIX OF SAM McCALL, DECEASED, AND INDIVIDUALLY; MAGGIE McCALL BALDWIN, GEORGIANNA McCALL ALLSBROOK AND HENRY McCALL AND R. S. BOGER AND WIFE, LOU-ANNA BOGER.

(Filed 19 April, 1961.)

**1. Pleadings § 15—**

A demurrer based upon matters *dehors* the pleadings is a "speaking" demurrer and will not be considered.

**2. Appeal and Error § 34—**

An instrument which does not appear in the record on appeal will not be considered.

**3. Appeal and Error § 41—**

> Where only evidence objected to appears in the record, and the charge of the court is not included in the record, admission of the evidence will not be held prejudicial, it being impossible to determine from the record whether the admission of the evidence was error, or, if so, whether its admission was harmful.

APPEAL by defendants from *Crissman, J.,* September 1960 Term of MOORE.

This is an action for land.

There was verdict for plaintiffs. Judgment was entered declaring plaintiffs the owners and entitled to the possession of the land in controversy.

Defendants (other than R. S. Boger and wife) appealed.

*Barrett and Wilson and Johnson and Johnson for plaintiffs.*
*E. J. Burns for defendant appellants.*

PER CURIAM. This case was here at a prior term. *Elliott v. Goss,* 250 N.C. 185, 108 S.E. 2d 475. The decision of this Court on the former appeal sustained a demurrer to the complaint but permitted plaintiffs to amend.

Plaintiffs filed an amended complaint. Defendants demurred on the ground that the amended complaint does not state a cause of action. The trial court overruled the demurrer. In this we find no error. The complaint states facts sufficient to constitute a cause of action in ejectment and to quiet title. Furthermore, the argument of defendants in support of demurrer has no validity unless matters *dehors* the complaint are considered. In reality defendants convert their pleading into a speaking demurrer. In this aspect, the demurrer may not be sustained in any event — a speaking demurrer may not be considered. *Lamm v. Crumpler,* 240 N.C. 35, 43, 81 S.E. 2d 138.

After this case had been argued here, counsel mailed a copy of the instrument defendants desire the Court to consider. It is not a part of the record and this Court will not go outside the record. Even so, we find nothing therein which would, if considered, change the results.

Defendants assign as error the admission in evidence of certain testimony and a purported deed. The evidence adduced at the trial, other than that referred to in the assignment of error, and the charge of the court are not a part of the record. It is therefore impossible for this Court to determine whether or not the particular evidence excepted to was prejudicial to defendants. Considering it out of context, it appears to have been properly admitted. The assignment of error is not sustained.

The issues submitted to the jury are sufficient to determine the issues of fact raised by the pleadings.

The costs will be paid by defendants (other than R. S. Boger and wife).

In the trial of the case we find

No error.