STATE v. JAMES ALLEN STAFFORD.

(Filed 4 May, 1966.)

1. Criminal Law § 195—

Exceptions not set out in the brief and in support of which no argument or authority is stated are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

2. Criminal Law § 71— Evidence held to support finding that confession offered in evidence was freely and voluntarily made.

Testimony of an officer that defendant did not request counsel and was not refused the right to communicate with a relative and counsel, that defendant was advised of his right not to make any statement, and that the officer made no promise and offered no threat, coercion, or duress, and that defendant then made the statement offered in evidence, held to support the court's findings and conclusion that the confession was freely and voluntarily made, notwithstanding defendant's testimony that a prior confession made to other officers was made because defendant was threatened and the officers would not allow him to call a relative and refused to let him talk to a lawyer and was promised probation if he made the statement, the prior confession not being entered in evidence and the officers to whom it was made not being examined.

MOORE, J., not sitting.

PARKER, C.J., dissenting.

APPEAL by defendant from *Hall, J.*, November 1965 Session, WAKE Superior Court.

Defendant was tried under a bill of indictment charging breaking and entering with intent to steal, larceny and receiving stolen goods.

The State's evidence was to the effect that on or about the first day of June, 1953, Brawley Jewelry Company of Raleigh, North Carolina, was broken into and 119 to 129 watches, valued at around $5,400.00, were taken. The defendant was apprehended about one month later in Bexley, Ohio, and was extradited to North Carolina for trial. Defendant was convicted, sentenced and served a portion of that sentence but escaped December 7, 1953. He was charged with committing another offense in Ohio, at which time he let it be known that he was an escapee from North Carolina. Upon his return here on November 25, 1964, he was granted a new trial under G.S. 15-217.

Captain Goodwin testified with respect to the details of the crime as told to him by the defendant: that the defendant had arrived in Raleigh some 10 days prior to June 1st, 1953, and had taken a room there; that he had visited Brawley Jewelry Company on two occasions prior to the break in; that on the day of the break in, he

went in a bank building and went on the roof and waited until nighttime before cutting a hole in the bathroom roof of the Jewelry Company and gaining entry thereto; that he then filled a paper bag with watches from the display counters and left by the same way; that he then traveled by bus to Wilson, North Carolina, Rocky Mount, North Carolina, and Norfolk, Virginia, where he began selling the watches; that from Norfolk, Virginia, he traveled to several other cities selling watches until he was apprehended in Bexley, Ohio.

The defendant challenged the admissibility of his alleged confession but, the judge upon *voir dire* found as a fact that all the essentials necessary to constitute a voluntary confession were present. His findings are further considered in the opinion.

Defendant put on no evidence except during the *voir dire* to show that he had not made any statement to the police.

Upon being found guilty of breaking and entering and larceny, and sentenced, defendant appeals, assigning error.

*T. W. Bruton, Attorney General, Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*Robert T. Hedrick Attorney for the defendant appellant.*

PLESS, J.  While the case on appeal contains eight assignments of error, the defendant in his brief brings forth only Exception No. 1, which relates to the voluntariness of his alleged confession, and 3, 4 and 8 which he groups, and which relate to his motions for nonsuit and his formal exceptions to the judgment. The remaining exceptions are not set out in the brief and no argument or authority is stated in regard to them. Under Rule 28 of the Rules of Practice in the Supreme Court, 254 N.C. 810, they are deemed abandoned. Nevertheless, we have given them consideration and find them without merit.

In response to the defendant's claim, represented by Exception No. 1, that his alleged confession was not voluntary, the trial judge excused the jury and made a full investigation as to the circumstances under which it was made. It had been reported to the officers that he had made a confession in Ohio which they discussed with him and which he did not deny. The officer, Captain R. E. Goodwin of the Raleigh Police Department, testified that he had warned the prisoner of all of his rights and stated that he had offered no promises, inducements or threats to obtain the confession. The defendant denied having made a confession in Ohio and stated that the confession was made in North Carolina to Captain Goodwin because "I was threatened and they wouldn't let me call my sister who lived in

Wilson, North Carolina, and they refused to let me talk to a lawyer * * * and they told me that if I would make a confession they would get me out on probation. Mr. Goodwin did not say that. It was Mr. Bowers, I believe, who promised this to me, but it has been so long I do not remember it." The trial judge made full findings of fact to the effect that the defendant made no request for counsel; that he was not denied the right to communicate with counsel or friends, was otherwise advised of his rights, and his statement was made freely and voluntarily, without any promise, threat, undue influence, coercion or duress. The record amply supports the findings of the Judge and the exception is not sustained.

The defendant has a long record of violations of the law, starting in 1944, having been convicted in Kentucky, Virginia, New Mexico and Texas, of crimes similar to the one here charged. It is not likely that one with his long experience with the courts would believe that a police officer, rather than the judge, would determine the question of probation.

The evidence in support of the charge is set forth in the statement of facts. No evidence was offered by the defendant. He cannot successfully contend that the evidence is not sufficient to prevail upon the motion to nonsuit, and that being true, his formal exception to the judgment is without merit.

No error.

MOORE, J., not sitting.

PARKER, C.J., dissenting: Upon the hearing in the absence of the jury in respect to the admission in evidence of a purported confession by defendant here, the defendant testified in substance: Mr. Bowers and Mr. Upchurch went to Bexley, Ohio, and brought him back to Raleigh. He had made no confession in respect to the instant case before he was brought back to Raleigh. The officers treated him very well on their way back to North Carolina. After he got back to North Carolina, they wanted him to make a confession, and he would not do so. No violence was used by these two officers and he was not threatened, but they would not let him call his sister in Wilson, North Carolina, and they refused to let him talk to a lawyer, saying "You ain't got no money and a lawyer ain't going to talk to you when you ain't got no money." These officers told him that if he would make a confession they would get him out on probation. Later on he made a taped recording, which was a confession. He was promised probation eventually if he would make this statement. It was Mr. Bowers, he believes, who promised this to him, but it has been so long he does not remember. It must have been Mr. Bowers

or Mr. Upchurch. Captain R. E. Goodwin of the detective division of the Raleigh police force testified in respect to a confession the defendant made to him. Captain Goodwin testified: "I don't know what Sergeant Bowers or Sergeant Upchurch may have promised Mr. Stafford." Captain Goodwin testified that Sergeant Bowers is sick in bed, and has been in bed for several days with influenza. There is no evidence to indicate that Sergeant Upchurch was not available as a witness. Judge Hall found that defendant's confession was made freely and voluntarily, and is, therefore, admissible in evidence. In my opinion, Judge Hall should have heard the testimony of Sergeant Bowers and Sergeant Upchurch, or at least one of them, before he found that the confession here was freely and voluntarily made. If Sergeants Bowers and Upchurch, or either one of them, induced the confession by either threats or a promise of securing probation for defendant, it is incompetent, and it is to be presumed that those influences still operated upon defendant when he confessed to Captain Goodwin. I express no opinion as to whether Sergeant Bowers or Sergeant Upchurch used any threats or promises to secure a confession from defendant. In my opinion, the facts do not support Judge Hall's ruling that the confession was freely and voluntarily made and is admissible in evidence, in the absence of any testimony by Sergeants Bowers and Upchurch, or either of them. My vote is to hold the confession incompetent upon the showing before us, and to award defendant a new trial. Upon a new trial the court can hear the evidence of Sergeants Bowers and Upchurch, and adequately and safely determine the admissibility of this confession.