STATE OF NORTH CAROLINA v. BEAUFORD MERRILL HIGGS.

(Filed 12 April, 1967.)

**1. Indictment and Warrant § 10—**

A difference between the spelling of defendant's given names in the indictment and in defendant's birth certificate is not fatal, the names coming within the doctrine of *idem sonans* and there being no question of

identity, and defendant having made no objection or challenge during the trial.

**2. Criminal Law § 154—**

In the absence of any assignment of error in the record, the judgment must be sustained when no error appears on the face of the record.

APPEAL by defendant from *Johnson, J.,* September 12, 1966 Mixed Session of PERSON.

In each of two bills of indictment, defendant — under the name of Beauford Merrill Higgs —, Glen Carl Sheets, and David Arthur Sheets were jointly charged with the felonies of breaking and entering and larceny. One bill charged that, on July 2, 1966, these three men feloniously broke into and entered a building occupied by Turner Harris, and known as Turner's Steak House, with the intent to steal personal property located therein and did steal therefrom personal property of the value of $30.00. The other bill charged that, on July 5, 1966, the three feloniously broke into and entered a building occupied by Paul Edward Chambers with the intent to steal his personal property and did steal therefrom goods and money belonging to Paul Edward Chambers of the value of $75.00.

Defendant, through his counsel, pled not guilty to both indictments. Without objection, all charges were consolidated for trial. Glen Carl Sheets and David Arthur Sheets both pled guilty to the indictments and, as witnesses for the State, testified that they and defendant Higgs had committed the crimes charged in the bills of indictment. Defendant, offering no other witnesses in his behalf, testified that he had been with the Sheets boys in the early part of the nights of July 2nd and July 5th but that he was not with them at the time they entered Turner's Steak House and Chambers' place. On cross-examination, defendant admitted that he had previously served a prison term for breaking and entering and larceny and, in addition, had been committed to training schools four or five times. On three occasions he has escaped.

The jury's verdict was guilty as charged in both bills of indictment. Concurrent sentences of five to seven years were imposed on each count, and defendant appealed.

*T. W. Bruton, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*S. B. Davis, Jr., for defendant.*

PER CURIAM. The case on appeal contains no assignment of error, and the transcript reveals that not a single objection was made or exception entered during the trial. Notwithstanding, after

being informed by the court that he was entitled to appeal as a matter of right at the expense of the State, defendant gave notice of appeal, and counsel was appointed to bring up the case.

In preparing the case on appeal, counsel included a birth certificate which had not been introduced in evidence at the trial. It shows, *inter alia,* that a white male named Burford Murril Higgs was born in Person County on June 22, 1950. In this court, counsel moves in arrest of judgment for that defendant had been charged and tried under the wrong name. The motion is overruled. Even if we assume that the inserted birth certificate is defendant's, it can avail him nothing. He was tried under the name of Beauford Merrill Higgs without objection or challenge, and he was sentenced under the same name. On the trial, no point was made of the slight variance between the given names of *Beauford* and *Burford* and of the slight variance in the spelling of the middle name, and defendant will not now be heard to say that he is not the man named in the bill of indictment. "Where defendant is tried without objection under one name, and there is no question of identity, he will not be allowed on appeal to contend that his real name was different." 2 Strong, N. C. Index, Indictment and Warrant § 10 (1959). Furthermore, the names *Beauford* and *Burford* sound enough alike to come within the rule of *idem sonans,* as do the names *Merrill* and *Murril.* *State v. Vincent,* 222 N.C. 543, 23 S.E. 2d 832.

When the case on appeal contains no assignments of error, the judgment must be sustained, unless error appears on the face of the record. *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447. An examination of the record proper reveals

No error.