STATE OF NORTH CAROLINA v. JOE DEAN ROBERTS

No. 26

(Filed 13 October 1971)

1. **Criminal Law § 146— appeal from guilty plea**

An appeal from judgment imposed upon defendant's plea of guilty presents for review only the question whether error appears on the face of the record proper.

2. **Criminal Law § 158; Grand Jury § 1— disqualification of grand juror — unsupported assertion in brief**

Unsupported assertion in defendant's brief that a member of the grand jury which returned the bill of indictment against defendant was unqualified to serve as a grand juror because he had previously pleaded *nolo contendere* to an indictment charging a felony will not be considered by the appellate court.

3. **Criminal Law § 127; Grand Jury § 1— disqualified grand juror — motion in arrest of judgment**

A contention that a member of the grand jury which returned the indictment against defendant was disqualified cannot be urged in arrest of judgment, since a motion in arrest of judgment can be based only upon some fatal defect appearing on the face of the record, and all exceptions to grand jurors on account of their disqualifications must be taken before the petit jury is sworn and impaneled. G.S. 9-23.

APPEAL by defendant from *Snepp, J.,* 1 February 1971 Schedule B Session of MECKLENBURG, transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31(b) (4).

Defendant, indicted in the words of G.S. 15-144 for the murder of Clarence Curtis Morris on 15 August 1970, through his privately employed counsel, John Plumides, tendered a plea of guilty of voluntary manslaughter. In open court Judge Snepp informed defendant that if he pled guilty and if the evidence

disclosed the facts to be as counsel had represented, his sentence would be twenty years in the State's prison. The judge also meticulously examined defendant under oath with reference to the voluntariness of his plea and his understanding of its consequences. At the conclusion of this examination Judge Snepp found that defendant's plea was voluntarily and understandingly made. Defendant signed and verified by oath a transcript of his examination in which he stated that he pled guilty to voluntary manslaughter of his own free will and accord. Judge Snepp then ordered the plea to be entered upon the minutes of the court and heard evidence offered by the State, which tended to show:

About 1:00 a.m. on 15 August 1970 as the deceased, Clarence Curtis Morris, and Mary Frances Austin were leaving a poolroom on Statesville Avenue in Charlotte, defendant made a vulgar remark to Ms. Austin. After deceased and defendant engaged in a brief argument defendant reentered the poolroom, procured a shotgun, and fired one shot from the door. He then reloaded the weapon. The police arrived at 1:10 a.m. and found deceased lying face down in the driveway of the poolroom. In his abdomen was a large wound "caused by a shotgun shooting." A few minutes later defendant was arrested on the street approximately two blocks from the poolroom. At that time he was charged with being publicly drunk.

Defendant offered no evidence.

Judge Snepp, as he had told the defendant he would, imposed upon him a sentence of twenty years in the State's prison. On the same day defendant gave notice of appeal and, upon his affidavit that he was then indigent, the court appointed Lila Bellar, attorney, to perfect his appeal at State expense.

*Attorney General Morgan, Assistant Attorney General Icenhour for the State.*

*Lila Bellar for defendant appellant.*

SHARP, Justice.

[1] Since defendant pled guilty his appeal presents for review only the question whether error appears on the face of the record proper. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781; *State v. Newell,* 268 N.C. 300, 150 S.E. 2d 405. Suffice it to say,

no error appears. The bill of indictment is in all respects regular; defendant's plea was understandingly and voluntarily made; and the sentence imposed is within the statutory limits. *See State v. Dawson,* 268 N.C. 603, 151 S.E. 2d 203; *State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800.

This case is just one more example of the manner in which the unlimited right of appeal, which the State now gives to every criminal defendant, is "being perverted at the whim of those who have nothing to lose." *State v. Darnell, supra* at 641, 146 S.E. 2d at 801.

[2, 3]  In defendant's brief filed in this court, his counsel purported to move in arrest of judgment upon the unsupported assertion contained therein that the bill of indictment against defendant was "returned by a grand jury which contained as a member thereof a person who had theretofore pleaded *nolo contendere* to an indictment charging a felony and that said juror was therefore unqualified to be a grand juror." The Court will not consider this statement, which is not supported by the record. *Elliott v. Goss,* 254 N.C. 508, 119 S.E. 2d 192. However, even if it be true and were considered, a charge that a member of the grand jury which returned the indictment against defendant was disqualified cannot be urged in arrest of judgment. In the first place, a motion in arrest of judgment can be based only upon some fatal defect appearing upon the face of the record. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416. Secondly, "[a]ll exceptions to grand jurors on account of their disqualifications shall be taken before the petit jury is sworn and impaneled to try the issue, by motion to quash the indictment, and if not taken at that time shall be deemed to be waived." G.S. 9-23.

The judgment of the Superior Court is

Affirmed.