STATE OF NORTH CAROLINA v. VERNELL "BUNK" JACKSON

No. 16

(Filed 13 October 1971)

1. **Criminal Law § 23— acceptance of guilty plea — voluntariness of the plea**

    The acceptance of a defendant's guilty plea to second-degree murder will not be disturbed where there is plenary evidence to support the trial judge's findings that defendant freely, understandingly and voluntarily entered his plea.

2. **Criminal Law § 161— appeal as an exception to the judgment — question presented**

    The appeal itself is an exception to the judgment and presents the case for review only for errors appearing on the face of the record.

APPEAL by defendant from *May, S. J.,* at the 6 October 1969 Special Criminal Session of WAYNE.

Defendant was charged in a bill of indictment with murder. Upon call of the case, defendant through his court-appointed counsel, T. E. Strickland, tendered a plea of guilty of murder in the second degree. The trial judge thereupon carefully examined defendant, under oath, as to the voluntariness of his plea, and defendant thereafter, under oath, executed a written "transcript of plea" containing full statements indicating that the plea was understandingly and voluntarily made.

The court thereupon adjudged that the plea of guilty of second degree murder was freely, understandingly and voluntarily made, and ordered that the plea be entered in the record.

The State offered evidence tending to show that Jessie Woodard and other persons were working in a tobacco barn owned by Linwood Sauls in Wayne County during the early morning of 11 August 1969. At that time defendant appeared and said: "Jessie, you got my money," and immediately shot Woodard with a single barrel shotgun from a distance of three to five feet. Jesse Woodard suffered gunshot wounds in the lower part of his stomach and died before he was removed from the tobacco barn.

Defendant did not testify, but offered evidence of good character. One of his witnesses, Dike Smith, testified that on the morning of 11 August 1969 defendant told him that Jessie

Woodard was dead and that he (defendant) shot Woodard because he had stolen $50 from him.

The trial judge sentenced defendant to a term of not less than 28 years nor more than 30 years in the State's prison. No notice of appeal was given in open court, but on 15 October 1969 the Clerk of Superior Court of Wayne County received a document from defendant dated 11 October 1969, entitled "Note of an appeal." Defendant's court-appointed attorney was notified of the "Note of an appeal," but no appeal was perfected. On 3 March 1970, the Clerk of Superior Court of Wayne County received an application for a post-conviction hearing from defendant, and Judge J. William Copeland appointed W. Harrell Everett, Jr., attorney, to represent defendant in the proceeding. The post-conviction proceeding was heard by Judge Elbert S. Peel, Jr., who denied the post-conviction petition as premature, but found that defendant had been deprived of his constitutional right to appeal. Judge Peel adjudged defendant to be an indigent, ordered the State to furnish a transcript of the trial proceedings, and appointed W. Harrell Everett, Jr., to represent defendant on his appeal.

This case is before us pursuant to our General Referral Order effective 1 August 1970.

*Attorney General Morgan and Staff Attorney Blackburn for the State.*

*W. Harrell Everett, Jr., for defendant.*

BRANCH, Justice.

[1, 2] There was plenary evidence to support the trial judge's findings that defendant freely, understandingly and voluntarily entered his plea of guilty of second degree murder, and the acceptance of the plea will not be disturbed. *State v. Jones,* 278 N.C. 259, 179 S.E. 2d 433; *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34. Further, the record contains no assignments of error, but the appeal itself is an exception to the judgment. The case is therefore presented for review only for errors appearing on the face of the record. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781; *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330.

The indictment sufficiently charged the crime to which defendant voluntarily pleaded in a properly organized court, and the sentence was within statutory limits.

We have carefully examined this record and find

No error.