STATE OF NORTH CAROLINA v. FRANK HUNTER, JR.

No. 82

(Filed 13 October 1971)

Criminal Law § 23— acceptance of guilty plea — voluntariness of the plea

The acceptance of defendant's guilty pleas will not be disturbed on appeal where it appears that the trial judge made careful inquiry of the accused as to the voluntariness of his pleas, and there is ample evidence to support the judge's finding that defendant freely, understandingly, and voluntarily pleaded guilty to the charges.

APPEAL by defendant, Frank Hunter, Jr., from decision of the North Carolina Court of Appeals (11 N.C. App. 573, 181 S.E. 2d 752) finding no error in the trial before *Copeland, S. J.,* at the 4 January 1971 Criminal Session of IREDELL Superior Court.

Defendant was brought to trial in Iredell Superior Court on an indictment charging secret assault. He had previously appealed from the District Court to Iredell Superior Court convictions of driving under the influence of intoxicating liquor and resisting arrest. The misdemeanor charges, which grew out of the same occurrence, were consolidated with the felony charge for trial. Defendant entered pleas of not guilty to all charges. During the trial a bill of information was read to defendant charging him with felonious assault with a deadly weapon with intent to kill, inflicting serious injuries not resulting in death; whereupon defendant and his attorney in open court and in writing waived the finding and returning of a bill of indictment by the Grand Jury of Iredell County against defendant Frank

Hunter, Jr., charging the offense of assault with a deadly weapon with intent to kill, inflicting serious injuries not resulting in death. Defendant then tendered a plea of guilty to the charge of assault with a deadly weapon with intent to kill, inflicting serious injuries not resulting in death and pleas of guilty to the two misdemeanor charges. Before pleading, defendant signed a transcript of plea, and the trial judge, prior to approving the plea, entered an adjudication in which he adjudges that defendant freely, understandingly and voluntarily made the pleas. The pertinent portion of the "transcript of plea" and the Court's "adjudication" are fully set forth in the opinion of the Court of Appeals. Defendant appealed to the North Carolina Court of Appeals from sentence imposed upon his pleas. The Court of Appeals found no error in the proceedings in the trial court and defendant appealed to this Court pursuant to G.S. 7A-30(1).

*Attorney General Morgan and Staff Attorney Eatman for the State.*

*Thomas K. Spence for defendant.*

BRANCH, Justice.

The crux of defendant's assignments of error before the Court of Appeals and this Court is that his pleas of guilty were not freely, understandingly and voluntarily made. He relies principally upon the case of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709, which, *inter alia,* holds that the determination of the voluntariness of a guilty plea cannot be based on a silent record and that the record must show a careful canvassing of the matter with the accused by the trial judge "to make sure he has a full understanding of what the plea connotes and of its consequences." The Court of Appeals recognized the authoritative holding of *Boykin* but held that it did not apply to the facts of this case. We agree. Here it appears that the Judge made careful inquiry of the accused as to the voluntariness of his pleas, and the record reveals ample evidence to support the trial judge's finding that defendant freely, understandingly and voluntarily pleaded guilty to the charges. The acceptance of the pleas tendered by defendant should not be disturbed. *State v. Jones,* 278 N.C. 259, 179 S.E.

2d 433; *Brady v. United States,* 397 U.S. 742, 25 L. Ed. 2d 747, 90 S.Ct. 1463.

The decision of the Court of Appeals is

Affirmed.