---
State v. Sherman
---

the suspended sentence, and alleged that defendant had violated the terms of the suspension by committing the crime of perjury while testifying under oath at a Post-Conviction Hearing of another prisoner which was held in Perquimans County on 15 April 1971.

This matter was heard before Judge Peel, who entered judgment dated 8 May 1971, finding the foregoing facts, and concluding as a matter of law that the suspended sentence of the defendant had not begun on 15 April 1971, and for that reason the suspension of the sentence could not be revoked on the showing set out in the solicitor's Notice and Bill of Particulars. From judgment dismissing the Notice and Bill of Particulars, the State gave notice of appeal to the North Carolina Court of Appeals.

*Attorney General Robert Morgan by Associate Attorney General William Lewis Sauls for the State.*

*William Brumsey III for defendant appellee.*

---

STATE OF NORTH CAROLINA v. EARL J. SHERMAN

No. 714SC649

(Filed 15 December 1971)

Narcotics § 5— possession of heroin
    Where no exceptions or assignments of error are made and no error appears on the face of the record in this appeal from a conviction of unlawful possession of heroin, the judgment must be sustained.

APPEAL by defendant from *Fountain, Judge,* 6 April 1971 Session of Superior Court, ONSLOW County.

Defendant was charged under an indictment, proper in form, with possession of heroin in violation of G.S. 90-88. Through his court-appointed attorney, defendant entered a plea of not guilty. The evidence for the State tends to show that defendant had been lessee of apartment 612-G at the Belle View Apartments in Jacksonville, North Carolina, for a short time prior to 24 December 1970, and that about 9:30 p.m. on 24 December 1970, W. C. Barkley and two other men, acting as undercover agents, went to defendant's apartment. Before going there, Barkley had been provided with two ten dollar bills whose serial numbers had been recorded. In the presence of the defendant and two women, Barkley asked if they could buy heroin. One of the women, Jenny Waggoner, left the room and returned with two packets which she sold to Barkley. The price was $12 and Barkley gave her the two ten dollar bills which had been identified at the police station earlier. Jenny Waggoner gave the two ten dollar bills to the defendant who put them in his pocket and gave her $8. She in turn gave Barkley the $8 change. The contents of the two packages was heroin. Police detective Jerry Reed stayed outside while Barkley and the two others were in defendant's apartment. Reed saw defendant come out of the apartment while Barkley and the others were inside and open the trunk of a black Thunderbird automobile, reach into the trunk, and then go back inside the apartment. Pursuant to a warrant issued the next day, defendant was arrested while sitting in the black Thunderbird automobile in front of 612-G Belle View Apartments. When arrested, one of the ten dollar bills with which Barkley had purchased the heroin was found on defendant's person.

The defendant testified on his own behalf that he had only lived in the apartment nine days, and three others including Jenny Waggoner also lived there. The defendant's evidence tends to show that on 24 December 1970 there were three or four men visiting Jenny Waggoner in the apartment whom he did not know; that he did make change for Jenny Waggoner that night; that no black Thunderbird automobile was parked in front of his apartment; and that he neither consented nor had knowledge of any heroin on the premises.

The jury returned a verdict of guilty, and defendant was sentenced to not less than three years nor more than five years in prison. Defendant appealed.

State v. Robinette

*Attorney General Morgan by Associate Attorney General Price for the State.*

*Edward G. Bailey for defendant appellant.*

MORRIS, Judge.

In his brief defense counsel candidly states that he is unable to discover any error of law in the trial or sentence. The record contains no exceptions and no assignments of error so the judgment must be sustained unless error appears on the face of the record. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781 (1967); *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447 (1966). We have carefully reviewed the entire record and find

No error.

Judges CAMPBELL and PARKER concur.