STATE OF NORTH CAROLINA v. DONNIE PHILLIPS

No. 7130SC755

(Filed 15 December 1971)

1. **Criminal Law § 23— appeal from guilty plea**
   Defendant's appeal from a plea of guilty presents for review only the question of whether error appears on the face of the record proper.

2. **Criminal Law § 138— sentencing — alleged promise by probation officer**
   The record does not support defendant's contention that prior to being sentenced upon his plea of guilty of forgery, an unnamed probation officer "expressed an opinion to defendant that if the defendant accepted an active sentence, defendant would not receive more than six months' imprisonment."

APPEAL by defendant from *Copeland, Judge,* 7 September 1971 Session of Superior Court held in GRAHAM County.

Defendant was charged with the felonies of forgery and uttering a forged check in the amount of $38.67. When arraigned, the defendant was informed that upon a plea of guilty to the felony of forgery, he could be imprisoned for as much as ten years. The defendant, in writing, entered a plea of guilty of forgery as charged. After an examination of the defendant in open court, the trial judge made an adjudication that the

defendant's plea of guilty was freely, understandingly and voluntarily made.

From a judgment of imprisonment for a term of three years, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Haskell for the State.*

*Leonard W. Lloyd for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant's appeal from his plea of guilty presents for review only the question of whether error appears on the face of the record proper. *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647 (1971).

[2] The defendant in his assignment of error asserts that prior to being sentenced, an unnamed probation officer "expressed an opinion to the defendant that if the defendant accepted an active sentence, said defendant would not receive more than six (6) months imprisonment." This assignment of error is not supported by an exception entered in the record. Neither does the record on appeal filed in this case support such an assignment of error. Therefore, this assignment of error properly presents no question for review. *State v. Greene,* 278 N.C. 649, 180 S.E. 2d 789 (1971) ; *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561 (1970).

The appeal of the defendant presents only the record proper for review, and the record reveals that the trial judge made careful inquiry of the defendant as to the voluntariness of his plea after having adequately advised him of the consequences. Then the trial judge, upon competent and sufficient evidence, found and adjudicated that the defendant freely, understandingly and voluntarily entered a plea of guilty. See *State v. Hunter,* 279 N.C. 498, 183 S.E. 2d 665 (1971). No prejudicial error appears on the face of the record proper. The appeal is adjudged to be frivolous.

No error.

Judges HEDRICK and GRAHAM concur.