STATE OF NORTH CAROLINA v. CHARLES M. SHELLY

No. 91

(Filed 14 January 1972)

1. Criminal Law § 23— voluntariness of guilty plea

    Acceptance of defendant's plea of guilty of assault with intent to commit rape will not be disturbed where there was ample evidence to support the trial judge's finding that defendant entered the plea freely, understandingly and voluntarily.

2. Criminal Law § 161— exception to entry of judgment — appellate review

    Defendant's assignment of error to the signing and entry of the judgment upon his plea of guilty presents only the face of the record proper for review.

APPEAL by defendant from *Kivett, J.,* 3 May 1971 Criminal Session of FORSYTH Superior Court.

Defendant was charged in a bill of indictment with the capital crime of rape. Upon call of the case defendant, through his privately employed counsel, tendered a plea of guilty to the lesser offense of assault with intent to commit rape. Before allowing the plea to be entered, the trial judge carefully and extensively examined defendant, under oath, as to the voluntariness of his plea. Defendant also, under oath, executed a written "transcript of plea" containing statements indicating that the plea was freely, understandingly and voluntarily made. The court then adjudged that the plea of guilty by defendant is "freely, understandingly and voluntarily made," and ordered that defendant's plea of guilty be entered into the record.

The State offered evidence, and it appears in the statement of the case on appeal that "The State's evidence, through the testimony of E. P. Oldham, a Deputy Sheriff of the Forsyth County Sheriff's Department, tended to show that the defendant did feloniously commit the crime of assault with intent to commit rape."

Defendant offered no evidence. The trial judge imposed a sentence of not less than ten years nor more than fifteen years in the State Department of Correction. Defendant appealed. This case is before this Court pursuant to our general referral order effective 1 August 1970.

*Attorney General Morgan and Trial Attorney Magner for the State.*

*Laurel O. Boyles; Wilson, Morrow and Boyles, for defendant.*

PER CURIAM.

Defendant's only assignment of error is that "the trial judge erred in signing and entering the judgment as appears of record."

[1] There was ample evidence to support the trial judge's finding that defendant freely, understandingly and voluntarily entered his plea of guilty to assault with intent to commit rape, and acceptance of the plea will not be disturbed. *State v. Jackson,* 279 N.C. 503, 183 S.E. 2d 550; *State v. Jones,* 278 N.C. 259, 179 S.E. 2d 433. The plea of guilty is equivalent to a conviction of the offense charged. *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591.

[2] Further, defendant's sole assignment of error presents the case for review for error appearing on the face of the record. The indictment sufficiently charged the crime to which defendant voluntarily pleaded guilty in a properly organized court. No fatal defect appears upon the face of the record, and the sentence imposed was within statutory limits. *State v. Jackson, supra; State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781.

We have carefully examined this record and find

No error.