STATE OF NORTH CAROLINA v. WILLIAM C. GREEN

No. 133

(Filed 28 January 1972)

1. Criminal Law § 161— necessity for exceptions

    An assignment of error is ineffectual unless based on an exception duly noted in apt time.

2. Criminal Law § 161— appeal as exception to judgment

    The appeal itself is an exception to the judgment and presents the case for review only for errors appearing on the face of the record.

3. Burglary and Unlawful Breakings § 8— burglary conviction — face of record

    No error appears on the face of the record in this appeal from a conviction of second degree burglary.

APPEAL by defendant from *Crissman, J.,* October 1969 Session of RICHMOND Superior Court.

Defendant was tried on a bill of indictment, proper in form, charging first degree burglary. When the case was called for trial, the solicitor announced the State would not insist upon a verdict of first degree burglary but would ask for a verdict of second degree burglary. Defendant was represented by Norman T. Gibson, attorney, and entered a plea of not guilty. The jury returned a verdict of guilty of second degree burglary, and from sentence imposed defendant gave notice of appeal to the Court of Appeals. The appeal was not perfected.

On 6 April 1971 Judge Harvey Lupton appointed James H. Pittman, attorney, to represent defendant on a post-conviction hearing. On 8 April 1971 Judge James Long denied defendant's request for a post-conviction hearing for the reason that defendant had failed to exhaust his appellate remedies and ordered Mr. Pittman to file a petition for *certiorari* in the Court of Appeals. That court allowed *certiorari,* and the case was transferred to the Supreme Court under its general order of 31 July 1970.

The evidence for the State tends to show that on 23 July 1969 Willie McNair and his wife were occupying living quarters in a tavern which they owned and which McNair operated. About 3 a.m. on that date McNair and his wife were awakened by the sound of someone breaking the padlocks on the front door of the tavern. After the locks were broken, two men, one of whom was identified as defendant, entered the front door of the tavern. Defendant saw McNair inside the building and shot at him with a pistol. McNair returned the fire with a shotgun, hitting defendant, who fell to the floor of the tavern. He managed to stagger out of the building to his car where he fell again. Pursuant to a call from McNair, Robert Taylor, a deputy sheriff of Richmond County, arrived at the tavern about 3:20 a.m. He found the wounded defendant lying next to his car. Taylor followed a trail of blood from the spot where defendant was lying to a large pool of blood about four feet inside the tavern. A .32 caliber pistol containing four live shells and one spent shell was found eighteen inches from this pool of blood. Two broken padlocks were found outside the door.

Defendant and his wife testified. Their evidence tends to show that defendant worked as a laborer and was a part-time preacher on weekends. On the night in question he had been to a church service in Bennettsville, South Carolina. He left this service about 12:30 a.m. and drove to Wadesboro, North Carolina, to see a Reverend Ingram. Not finding Ingram at home, defendant left for Gibson, North Carolina, to see his employer. On the way to Gibson, defendant's car overheated and he stopped to get some water at McNair's tavern. The tavern was closed and defendant could not find a spigot. He drove down the road about a quarter of a mile but as his car continued to overheat, he returned to the tavern. When he arrived there this time, the front door was slightly open and a light was on inside.

Defendant did not break any locks and did not enter the tavern, but while he was standing outside in the parking lot, McNair shot him.

*Attorney General Robert Morgan, Assistant Attorney General Eugene Hafer, and Associate Attorney Ann Reed for the State.*

*Pittman, Pittman & Pittman by James H. Pittman for defendant appellant.*

PER CURIAM.

Under the heading "Grouping of Exceptions and Assignments of Error," defendant lists five assignments of error. There are no exceptions in the record and none of the five assignments are based upon exceptions.

[1, 2] An assignment of error is ineffectual unless based on an exception duly noted in apt time. *State v. Greene,* 278 N.C. 649, 180 S.E. 2d 789 (1971) ; *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969) ; *Vance v. Hampton,* 256 N.C. 557, 124 S.E. 2d 527 (1962) ; 1 Strong, N. C. Index 2d, Appeal and Error § 24. Questions not embraced in an exception duly taken at the trial may not be presented on appeal. Nevertheless, the appeal itself is an exception to the judgment and presents the case for review only for errors appearing on the face of the record. *State v. Jackson,* 279 N.C. 503, 183 S.E. 2d 550 (1971) ; 3 Strong, N. C. Index 2d, Criminal Law § 161.

The indictment in this case, proper in form, charged defendant with burglary in the first degree. When the matter came on for trial, prior to the taking of any testimony, the solicitor announced that he would not try defendant for first degree burglary but for second degree burglary. Defendant did not object and took no exception. Defendant entered a plea of not guilty, and the trial proceeded upon the charge of burglary in the second degree. *State v. Allen,* 279 N.C. 115, 181 S.E. 2d 453 (1971). The jury found defendant guilty of second degree burglary, and the court imposed sentence of not less than 30 nor more than 40 years in the State's prison. This sentence is within the limits prescribed by G.S. 14-52 for burglary in the second degree.

[3] The indictment sufficiently charged the crime for which defendant was tried in a properly organized court, and the sentence was within statutory limits. We have carefully examined this record and find no error.

No error.