STATE OF NORTH CAROLINA v. ARTHUR McLEAN, ROLAND McLEAN AND ROGER SMITH

No. 24

(Filed 11 October 1972)

1. Criminal Law §§ 161, 166— assignments of error abandoned — review of record

Assignments of error which are not brought forward in the brief are deemed abandoned; however, when an accused is convicted of a capital offense with recommendation of life imprisonment, the court on appeal will consider the entire record for possible prejudicial error.

2. Criminal Law § 161— capital crime — review of record — no error

A review of the entire record showed it to be without error where it revealed that defendants were positively identified as perpetrators of the crimes of robbery with firearms and rape, that in-court identifications of defendants were not tainted by improper pre-trial identification procedures, that defendants were represented by competent counsel, and that defendants were tried under valid indictments in a properly organized court before a fair trial judge.

APPEAL by each defendant from *Brewer, J.,* March 1972 Criminal Session of HARNETT.

Defendants Arthur McLean, Roland McLean and Roger Smith were each charged in separate bills of indictment with the rape of Dorothy Holland. Each was also charged in separate bills of indictment with robbery with firearms of Charles Weaver.

Defendants entered pleas of not guilty, and the cases were consolidated for trial.

The State, through witnesses Charles Weaver and Dorothy Holland, offered evidence which tended to show that on the night of 19 November 1971 they were riding in a car near the Betsy Johnson Memorial Hospital in Dunn, North Carolina. Charles Weaver, the operator of the automobile, stopped for a stop sign, and a light colored automobile pulled alongside the Weaver automobile. Roland McLean was sitting in the back seat of the light colored car holding a shotgun. He entered the back seat of the Weaver automobile, leveled the shotgun at Weaver, and ordered him to follow the light colored car. The automobiles traveled a short distance and stopped on a dirt road. At this point Roger Smith and Arthur McLean left the light colored car and approached the Weaver automobile. Both Roger Smith and Arthur McLean wore stockings over their faces. By use of firearms defendants took cash from both Charles Weaver and Dorothy Holland. Arthur McLean then removed the stocking from his face, entered the automobile occupied by Dorothy Holland, removed her clothes from her body, and proceeded forcibly to have sexual intercourse with her against her will and despite her continued pleas, struggles, and protests. The other defendants held a rifle and a shotgun on Charles Weaver during the time Arthur McLean was forcibly having intercourse with Dorothy Holland.

After about ten minutes Arthur McLean left the Weaver automobile, and Roger Smith entered the front seat with Dorothy Holland. He removed the stocking from his face and proceeded to have sexual intercourse with Dorothy Holland forcibly and against her will. When Roger Smith left the Weaver automobile, Roland McLean entered the front seat, and he too forcibly and against her will had sexual intercourse with Dorothy Holland. Charles Weaver was held at gunpoint during all the assaults.

After defendants left the scene, Charles Weaver and Dorothy Holland immediately went to the Dunn Police Department, where they reported the crimes. Miss Holland was then taken to the hospital in Dunn for examination and treatment.

The State offered evidence of Sgt. J. A. Mozingo of the Dunn Police Department which tended to corroborate the testimony of Charles Weaver.

---

State v. McLean

---

Dr. C. L. Corbett testified that he examined Dorothy Holland on the night of 19 November 1971 and obtained a smear which showed the presence of sperm. He stated that she was nervous, crying, and emotional.

Defendants offered no evidence.

The jury returned a verdict of guilty of rape against each defendant with recommendation of life imprisonment. The jury also returned a verdict of guilty of armed robbery as to each defendant.

Each defendant appealed from the sentences imposed.

*Attorney General Morgan and Assistant Attorney General Satisky for the State.*

*Bryan, Jones, Johnson, Hunter & Greene for Defendant Arthur McLean.*

*W. A. Johnson for Defendant Roland McLean.*

*Wilson, Bowen & Lytch, by Wiley F. Bowen, for Defendant Roger Smith.*

BRANCH, Justice.

The record reveals that each defendant made eight assignments of error; however, none of these assignments of error were brought forward and argued by any of defendants in his brief.

[1] Assignments of error which are not brought forward and discussed in the brief are deemed abandoned. *State v. Wilson,* 280 N.C. 674, 187 S.E. 2d 22; *Branch v. State,* 269 N.C. 642, 153 S.E. 2d 343; *State v. Spears,* 268 N.C. 303, 150 S.E. 2d 499; *State v. Stafford,* 267 N.C. 201, 147 S.E. 2d 925.

Ordinarily when there are no assignments of error before us, we review only the errors appearing on the face of the record as presented by the appeal itself. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781; *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447. Nevertheless, when an accused is convicted of a capital offense with recommendation of life imprisonment, as here, we carefully consider the entire record for possible prejudicial error. *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386; *State v. Gaskill,* 256 N.C. 652, 124 S.E. 2d 873.

State v. McLean

[2]  In instant case the record reveals that each defendant was positively identified in court by two eyewitnesses as being the persons who committed the brutal and degrading rape upon the person of Dorothy Holland and as being the persons who robbed Charles Weaver of money by the use of firearms.

The record further reveals that the defendants, represented by competent counsel, were tried under valid indictments in a properly organized court before a scrupulously fair trial judge. The in-court identifications were not tainted by improper pretrial identification procedures.

We have carefully examined the entire record and find it free from error.

No error.