STATE OF NORTH CAROLINA v. THOMAS D. WYATT

No. 7224SC616

(Filed 22 November 1972)

1. Criminal Law § 146— appeal from guilty plea

Where defendant pled guilty to charges of felonious escape, third offense, and felonious breaking and entering and larceny, his appeal presented only the question of whether error appeared on the face of the record proper.

2. Criminal Law § 23— voluntariness of guilty plea — sufficiency of findings

Where the record supported the trial court's findings that defendant entered his pleas of guilty voluntarily and with full knowledge of his rights and of the possible consequences of his pleas, the acceptance of the pleas will not be disturbed on appeal.

APPEAL by defendant from *Hasty, Judge,* 27 March 1972 Session of Superior Court, held in WATAUGA County.

By bill of indictment proper in form defendant was charged in case No. 72Cr479 with felonious escape, being defendant's third escape. By a second bill of indictment also proper in form defendant was charged in case No. 72Cr389 with (1) felonious

breaking and entering and (2) felonious larceny after such breaking and entering. Upon arraignment on the charges in the two cases, defendant, through court-appointed counsel, tendered pleas of guilty to misdemeanor escape and to felonious breaking and entering and larceny. Whereupon defendant was questioned in open court by the presiding judge concerning his understanding of the consequences of his pleas of guilty and concerning his voluntary assent thereto, and defendant signed and swore to a written "transcript of plea" which contained his answers to the judge's questions. The judge then signed an order adjudicating that defendant's pleas of guilty had been freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. In case No. 72Cr389, in which defendant had pleaded guilty to felonious breaking and entering and larceny, judgment was entered sentencing defendant to prison as a committed youthful offender for a term not to exceed three years, this sentence to commence at the expiration of sentences previously imposed and which defendant was then serving. In case No. 72Cr479, in which defendant had pleaded guilty to misdemeanor escape, judgment was entered sentencing defendant to prison as a youthful offender for a period not to exceed twelve months, this sentence to commence at the expiration of the sentence imposed in case No. 72Cr389.

Defendant appealed, and at his request the court appointed new counsel to represent him in the appeal.

*Attorney General Robert Morgan by Associate Attorney Ralf F. Haskell for the State.*

*C. Banks Finger for defendant appellant.*

PARKER, Judge.

[1] Since defendant pled guilty this appeal presents only the question whether error appears on the face of the record proper. *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647. None does. The court was properly organized; the bills of indictment were in all respects regular; before accepting defendant's pleas the trial judge examined him and found that his pleas were freely, understandingly and voluntarily made; defendant's signed transcript of plea supports these findings; and the sentences imposed were within statutory limits. The requirement of *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709,

that the record affirmatively show that the guilty pleas were entered voluntarily and understandingly was adequately met. Nothing in the record supports defendant's present contention that he did not understand that he was pleading guilty to any felonies but thought he was pleading guilty only to misdemeanors. On the contrary, his signed transcript of plea discloses that he understood that upon his pleas of guilty he could be imprisoned for as long as twenty-one years.

[2] Where, as here, the record supports the trial court's findings that defendant entered his pleas of guilty voluntarily and with full knowledge of his rights and of the possible consequences of his pleas, the acceptance of the pleas will not be disturbed on appeal. *State v. Jones*, 278 N.C. 259, 179 S.E. 2d 433.

No error.

Judges CAMPBELL and MORRIS concur.