STATE OF NORTH CAROLINA v. RANDY ABSHER

No. 7224SC615

(Filed 22 November 1972)

1. **Criminal Law § 146— appeal from guilty plea**

   Where defendant pled guilty to charges of felonious escape and felonious breaking and entering and larceny, his appeal presented only the question of whether error appeared on the face of the record proper.

2. **Criminal Law § 23— voluntariness of guilty plea — sufficiency of findings**

   Where the record supported the trial court's findings that defendant entered his plea of guilty freely, understandingly and voluntarily, the acceptance of the plea will not be disturbed on appeal.

APPEAL by defendant from *Hasty, Judge,* 27 March 1972 Session of Superior Court, WATAUGA County.

By bill of indictment, proper in form, defendant was charged with felonious escape in case No. 72CR481. In case No. 72CR388 he was charged, by indictment also proper in form, with felonious breaking and entering and with felonious larceny after breaking and entering. Defendant was represented by court-appointed counsel and entered a plea of guilty to felonious breaking and entering and misdemeanor escape. The record reveals that defendant was questioned in open court with respect to whether he understood that he was charged with felonious breaking and entering and misdemeanor larceny, whether the charges had been explained to him, and whether his pleas were voluntarily, freely and understandingly entered. His replies were in the affirmative. He signed a "transcript of plea," and the court entered its adjudication that the pleas of guilty were entered freely, understandingly and voluntarily and without undue influence, compulsion or duress and without promise of leniency.

In case No. 72CR388, judgment was entered sentencing defendant to prison as a committed youthful offender for a term not to exceed three years, to begin at the expiration of sentences defendant was then serving. In case No. 72CR481, judgment was entered sentencing defendant to prison as a committed youthful offender for a term not to exceed 12 months, to begin at the expiration of the sentence imposed in case No. 72CR388.

Defendant appealed, and is represented on appeal by court-appointed counsel appointed for the purpose of perfecting defendant's appeal and not the same counsel who represented defendant at trial.

*Attorney General Morgan, by Deputy Attorney General Vanore, for the State.*

*C. Banks Finger for defendant appellant.*

MORRIS, Judge.

The defendant failed to file his brief within the time prescribed and the State has, in apt time, filed motion to dismiss. We choose to discuss the matter on its merits, however, and the motion is denied.

[1] Defendant's guilty plea results in our having before us only the question of whether error appears on the face of the record proper. *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647 (1971). The bills of indictment are in all respects regular, the court was properly organized, and the sentences imposed are within the statutory limits. The record clearly reveals that, before accepting his pleas, the court examined defendant fully and found that he had entered his pleas freely, voluntarily, and understandingly. His written and signed transcript of plea fully supports the court's finding and controverts his present contention that he thought he was pleading guilty only to misdemeanors and not a felony. This is defendant's only contention on appeal.

[2] Where, as here, there is plenary evidence to support the trial judge's findings that defendant freely, understandingly, and voluntarily entered his plea of guilty, the acceptance of the plea will not be disturbed. *State v. Jackson,* 279 N.C. 503, 183 S.E. 2d 550 (1971).

No error.

Judges CAMPBELL and PARKER concur.