STATE OF NORTH CAROLINA v. MICHAEL W. BUMGARNER

No. 68

(Filed 9 May 1973)

**Criminal Law §§ 161, 166— assignments of error abandoned — review of record — no error**

Assignments of error not brought forward and discussed in the brief are deemed abandoned; however, the record proper is examined for error and none appears.

APPEAL by defendant from judgment of *Webb, S. J.,* at the 21 August 1972 Session of CALDWELL Superior Court. The appeal was transferred from the Court of Appeals to the Supreme Court by order of this Court dated 26 March 1973, entered pursuant to G.S. 7A-31 (b) (4).

Defendant was charged in a bill of indictment, proper in form, with felonious breaking and entering the dwelling house of George Shell. To this charge defendant, through his attorney, entered a plea of guilty. Defendant was then sworn and in open court answered all the questions contained in and signed a transcript of plea of guilty. Judge Webb examined defendant as to the voluntary nature of his plea and found that defendant entered the plea of guilty freely, understandingly, and voluntarily, without undue influence, compulsion or duress, and without promise of leniency, and ordered the plea accepted.

The State offered evidence tending to show that George Shell had been working in the backyard of his residence in Hudson, North Carolina. When he returned to the house, he found a strange young man in the hallway. He heard a noise and realized that someone else was in the house. He asked the other individual to come out. This person came into the hall and was identified as the defendant. Both young men gave Mr. Shell false names when he asked them to identify themselves. Mr. Shell ordered the two men to leave his house. When they reached the yard, he procured a rifle and demanded that they stop. A neighbor called the police and both men were arrested.

When Mr. Shell left to work in the yard, the door to the house had been closed but not locked. When he returned, the door was open. Nothing had been taken from the house, although some twenty dollars in Lincoln pennies had been moved and some other money had been carried from the hall to the bedroom and placed in a jacket which was found there. Mr. Shell had never seen these two men before and had not given either permission to go into his house on the day in question.

The defendant did not offer evidence.

From sentence imposed, defendant appealed.

*Attorney General Robert Morgan and Special Counsel Ralph Moody for the State.*

*Ted S. Douglas for defendant appellant.*

PER CURIAM.

The record reveals that the defendant made three assignments of error; however, none of these were brought forward and argued by defendant in his brief. Assignments of error

which are not brought forward and discussed in the brief are deemed abandoned. *State v. McLean,* 282 N.C. 147, 191 S.E. 2d 598 (1972); *State v. Wilson,* 280 N.C. 674, 187 S.E. 2d 22 (1972); *Branch v. State,* 269 N.C. 642, 153 S.E. 2d 343 (1967); *State v. Spears,* 268 N.C. 303, 150 S.E. 2d 499 (1966); *State v. Stafford,* 267 N.C. 201, 147 S.E. 2d 925 (1966).

When the case on appeal contains no assignments of error, the judgment must be sustained unless error appears on the face of the record proper. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781 (1967); *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447 (1966). The defendant's counsel candidly states: "The defendant's counsel on appeal after thoroughly reviewing the record's transcript of proceedings and the indictment herein is unable to detect any error in the defendant's trial and respectfully requests the Court of Appeals to review same in order to assure that the defendant was given a fair trial free from prejudicial error."

We have carefully reviewed the entire record and find no error.

No error.