State v. Johnson

STATE OF NORTH CAROLINA v. MARVIN WAYNE JOHNSON

No. 19

(Filed 10 October 1973)

**Criminal Law § 161— appeal as exception to judgment**

The appeal itself constitutes an exception to the judgment and presents for review any error appearing on the face of the record.

APPEAL by defendant from judgment of *Chess, S.J.,* at the January 1, 1973 Session of GUILFORD Superior Court, Greensboro Division.

On an indictment proper in form defendant was tried on the charge of rape, the date of the alleged offense being 16 July 1972. The jury found the defendant guilty without recommendation of life imprisonment. The presiding judge pronounced the following judgment: "In view of the decision of the Supreme Court of North Carolina in case of State versus Connell Carroll and Archie Moore Stewart filed in the office of the clerk of the Supreme Court of North Carolina on December 13, 1972 [reported in 282 N.C. 326, 193 S.E. 2d 85 (1972)], it is the judgment of the court that the defendant be imprisoned in the State Prison for the term of his natural life under the supervision and control of the State Department of Correction as provided by law."

The evidence for the State tends to show that Catheretta Whitaker, age 18, lived with her parents, Mr. and Mrs. Jasper Whitaker, in Greensboro, North Carolina. On Sunday, 16 July 1972, at approximately 4:30 p.m., Catheretta left her home to visit her sister on Lutheran Street. While she was walking on U. S. Highway 29 on the way to her sister's home, a light blue 1961 Falcon automobile approached her from behind and stopped. A passenger, later identified as Howard Lee Flacks, asked her if she would like a ride. She refused and Flacks got out of the car, twisted her arm, and held her while the car driven by defendant Johnson turned around and came back. Although she was screaming and begging them to let her go, Flacks pushed her into the front seat, and Johnson drove off down U. S. Highway 29. After driving around for about fifteen minutes, Johnson stopped the car at Don's Curb Market. While there Catheretta made no request for assistance because at the time she was afraid to do so.

Johnson left the store, turned off the highway onto a dirt road, drove into some woods, and stopped. There, despite her resistance, he took off her panty hose, panties, and shoes and put them in the trunk of the car. Then both he and Flacks forcibly and against her will had sexual intercourse with Catheretta. After each had had intercourse with her two or three times, the two men got into the car and left. Catheretta screamed and ran after the car asking them for her clothes, but they refused to stop. She then walked to the highway and caught a ride to Greensboro where she reported to the Greensboro officers what had happened. One officer checked the license number which she had noted as the car left—LH-5949—

and found that the car belonged to defendant Johnson. The officer went to Johnson's home and after advising Johnson of his rights, he obtained permission to search the trunk of the 1961 Falcon automobile. Johnson voluntarily opened the trunk, and there the officer found Catheretta's panty hose, panties, and shoes.

Catheretta was examined by Dr. Karl L. Barkley at a Greensboro hospital on 17 July 1972 at approximately 7:30 a.m. His examination revealed that she had been penetrated by a male sexual organ, that sperm was in her vagina, and that there was a stretching of the posterior part of the vagina with a slight tearing.

Flacks, who was under indictment for rape as a codefendant, testified for the State. He fully corroborated Catheretta's testimony as to how she was forced into the car. He testified that when they arrived in the woods Johnson told Catheretta that he would shoot her if she refused to have sexual intercourse with him, and that Johnson took off her clothes while she pleaded and begged him not to do so. Flacks further testified that he did not see Johnson have intercourse with her, and that at the time he was drunk and does not remember having had intercourse with her himself.

Defendant Johnson did not testify but offered the evidence of Mrs. Gladys Brown who operated Don's Curb Market. Mrs. Brown testified that she remembered seeing Catheretta with Flacks and defendant Johnson on 16 July 1972 at the Curb Market. While there Catheretta did not ask for help or assistance of any kind.

*Attorney General Robert Morgan and Assistant Attorney General Walter E. Ricks III for the State.*

*Z. H. Howerton, Jr., for defendant appellant.*

PER CURIAM.

The case on appeal contains no assignments of error. The appeal itself constitutes an exception to the judgment and presents for review any error appearing on the face of the record. *State v. Cox,* 281 N.C. 131, 187 S.E. 2d 785 (1972) ; *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330 (1967). In the absence of proper exception and assignment of error, the judgment must be sustained unless error appears on the face of the record

proper. *State v. Bumgarner,* 283 N.C. 388, 196 S.E. 2d 210 (1973); *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781 (1967); *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447 (1966).

Defendant was tried in a properly organized court upon a valid bill of indictment. The verdict supports the judgment, and the sentence of life imprisonment is correct under the case cited by the presiding judge. See also *State v. Waddell,* 282 N.C. 431, 194 S.E. 2d 19 (1973).

Counsel for defendant in his brief candidly states: "Counsel for defendant appellant has examined the record in the above cause at great length, and has been unable to find error."

We have carefully reviewed the entire record and find no error.

No error.