STATE OF NORTH CAROLINA v. HAROLD JUNIOR SMITH

No. 54

(Filed 13 October 1971)

1. Criminal Law § 161— case on appeal without assignment of error

Where the defendant's case on appeal contains no assignment of error, the judgment will be sustained unless error appears on the face of the record proper.

2. Criminal Law § 25— plea of nolo contendere — review on appeal

A plea of *nolo contendere,* like a plea of guilty, leaves open for review only the sufficiency of the indictment and waives all defenses other than that the indictment charges no offense.

APPEAL by defendant from *Godwin, S. J.,* 22 March 1971 Special Session of CUMBERLAND, transferred for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31(b) (4).

Defendant, indicted for the first-degree murder of Charles Hedrick on 7 November 1970, entered a plea of *nolo contendere* to second-degree murder through his court-appointed counsel, public defender Sol Cherry. In open court, Judge Godwin examined defendant under oath with reference to the voluntariness of his plea and his understanding of its consequences. This examination is reported verbatim on ten pages of the record. It, and the transcript of the plea which defendant signed and verified, fully support Judge Godwin's finding that the plea was freely, understandingly, and voluntarily made. The solicitor accepted the plea and, on the question of punishment, the court heard the evidence offered by both the State and defendant.

The State's evidence tended to show: At a poolroom in Fayetteville defendant and Charles Hedrick had some words over a woman. Thereafter, while Hedrick was standing with his cue

stick resting on the floor, defendant walked up beside him, "reached up around him, and cut his throat." Defendant then "turned around and ran." Defendant cut a bystander, who attempted to intercept him, on the shoulder and in the stomach.

Defendant testified that, after Hedrick had hit him with a pool stick, he cut him with a knife he used for cutting roofing paper; that he meant to cut Hedrick but he wasn't trying to kill him; that later on that night a friend told him Hedrick's throat had been cut, and the man was dead. On cross-examination defendant conceded that he had "almost cut his (Hedrick's) head off"; that he had previously killed another man with a knife; and that he was on parole at the time he cut Hedrick. Defendant also admitted he had been convicted of assault with a deadly weapon and prison escape.

Judge Godwin imposed a sentence of thirty years in the State's prison, and defendant immediately gave notice of appeal.

*Attorney General Morgan by Staff Attorney Davis for the State.*

*Sol G. Cherry, public defender for defendant appellant.*

SHARP, Justice.

[1] Defendant's case on appeal contains no assignment of error. Therefore, unless error appears on the face of the record proper, the judgment will be sustained. *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447.

[2] "A plea of *nolo contendere,* like a plea of guilty, leaves open for review only the sufficiency of the indictment and waives all defenses other than that the indictment charges no offense." *State v. Stokes,* 274 N.C. 409, 412, 163 S.E. 2d 770, 773. The indictment in this case properly charges the crime of murder in the words of G.S. 15-144. The sentence of thirty years is within the limits prescribed by G.S. 14-17 for murder in the second degree.

Defendant's counsel, the public defender, concedes there is no error in the case. Our examination of the entire transcript discloses another appeal totally without justification. *See State v. Roberts, ante; State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800.

No error.