STATE OF NORTH CAROLINA v. JOHN HENRY TINSLEY

No. 75

(Filed 13 October 1971)

**Robbery § 6— armed robbery — appeal — review of face of the record**

On appeal from defendant's conviction of armed robbery, the Supreme Court holds that no error appears on the face of the record proper.

APPEAL by defendant from *Falls, J.,* December 7, 1970 Session, CLEVELAND Superior Court.

The defendant, John Henry Tinsley, was charged by grand jury indictment with the armed robbery of Thomas Arthur Bridges. The indictment alleges the offense occurred July 7, 1970.

Upon inquiry before arraignment, the court found the defendant to be indigent and appointed John Church, Esq. of the Shelby Bar, to represent him.

After conferences between the defendant and his counsel it was agreed the defendant would enter a plea of guilty to the charge. Before accepting the plea, however, the court made detailed inquiry of the defendant and ascertained that he was satisfied with the services of his lawyer, that he understood the charge against him and was advised as to the penalties which could be imposed upon a plea of guilty or upon a conviction. He stated to the court that he was guilty of the offense and desired to plead guilty.

The court heard the testimony of the victim, Thomas Arthur Bridges, which disclosed that the defendant and two others in the nighttime forcibly entered the home of the witness. One of the defendant's companions, all of whom participated in the robbery "held a pistol beside my head and demanded a thousand dollars." The defendant and his two companions had forced their way into Mr. Bridges' home notwithstanding his attempt to prevent their entering by the use of his shotgun which misfired. The intruders took the gun valued at $40.00 and fled.

After hearing the evidence, including the defendant's statement in open court that he and his companions had been engaging in heavy drinking, the court imposed a prison sentence

of 20 to 25 years. After the sentence, the defendant gave notice of appeal.

The court, on defendant's application, extended the time for filing the appeal. From the affidavit of prisoner's counsel, it appeared the defendant was also indicted for first degree burglary.

In his brief filed here, defense counsel states he is unable to discover any error of law in the trial or sentence.

*Robert Morgan, Attorney General, by R. S. Weathers, Assistant Attorney General, for the State.*

*John D. Church for defendant appellant.*

HIGGINS, Justice.

In the present condition of the record, the only question of law or legal inference presented is whether error of law appears upon the face of the record proper. *State v. Dawson,* 268 N.C. 603, 151 S.E. 2d 203; Strong's North Carolina Index, 2d, Vol. 3, Criminal Law, XII. Appeal and Error, § 146, p. 87. Careful review shows a valid indictment, the presence of the defendant before the court represented by counsel and a valid plea of guilty entered after extended inquiry. Error is neither shown nor suggested by anything that appears upon the face of the record. Ordinarily, in criminal cases the record proper consists of (1) the organization of the court, (2) the charge (information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment.

This case fits the pattern described in *State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800: "This case is a fair example of the manner in which that unlimited right (of appeal) is now being perverted at the whim of those who have nothing to lose. An indigent defendant has only to say 'I appeal,' and the county is required to furnish him with counsel, 'transcript and records . . . for . . . appellate review.' " In all likelihood, some "prison lawyer" has advised the defendant that his having been tried on the robbery charge which constituted an essential element of his first degree burglary charge, he is now shielded from the capital offense and has nothing to lose by the appeal. *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838; *State v. Bell,* 205 N.C. 225, 171 S.E. 50.

A careful review of the record proper fails to disclose either error of law or of legal inference.

No error.