STATE OF NORTH CAROLINA v. DONNIE L. FORD,
ALIAS RONALD FORD

No. 7121SC764

(Filed 15 December 1971)

**Criminal Law § 25— appeal from plea of nolo contendere**

No error appears on the face of the record proper in this appeal from judgment imposed upon defendant's plea of *nolo contendere* to a charge of felonious escape.

Judge GRAHAM concurring in result.

Chief Judge MALLARD dissenting.

State v. Ford

APPEAL by defendant from *Falls, Judge,* 9 August 1971 Session of Superior Court held in FORSYTH County.

The defendant, Donnie L. Ford, alias Ronald Ford, was charged in a bill of indictment, proper in form, with felonious escape, a second offense, in violation of G.S. 148-45 (a).

When the defendant was called to plead to the bill of indictment, the record reveals the following:

"MR. TODD: May it please the Court, I should like to offer or tender a plea of nolo contendere, and I would like to explain the circumstances. This defendant doesn't feel that he wilfully did this. There are circumstances, extenuating circumstances, and I'd like the Court to hear it. But I would tender a plea of nolo contendere and let the Court hear these circumstances.

THE COURT: Have you explained to him the effect of a plea of nolo contendere?

MR. TODD: I did.

BY THE COURT TO THE DEFENDANT:

Q. Do you understand it?

A. Yes sir.

Q. Do you understand what a plea of nolo contendere is?

A. Yes sir.

Q. And that's your plea, is it?

A. Yes sir.

Q. I can't hear you.

A. Yes sir.

Q. Answer so the record will show what you are saying.

A. Yes sir.

Q. Has anybody promised you anything in exchange for this plea of nolo contendere?

A. No, they haven't.

Q. Do you now freely, voluntarily, and understandingly enter on your behalf the plea of nolo contendere?

A. Yes, I do."

After hearing evidence offered by the State and the defendant, the court entered judgment imposing a prison sentence of two years. The defendant appealed.

*Attorney General Robert Morgan and Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Curtiss Todd for defendant appellant.*

HEDRICK, Judge.

The record contains no exceptions or assignments of error. It affirmatively appears from the record that the defendant, represented by counsel, freely, understandingly and voluntarily entered a plea of *nolo contendere* to a valid bill of indictment, and the prison sentence imposed by the judgment is within the limits prescribed for a violation of the statute.

In the defendant's trial in the superior court, we find no error.

No error.

Judge GRAHAM concurs in the result.

Chief Judge MALLARD dissents.

Judge GRAHAM, concurring in result.

The record contains no exceptions or assignments of error. Defendant does not attack his plea of nolo contendere, nor does he contend that the record fails to adequately show that the plea was voluntarily and understandingly made. Therefore, I do not think we are required, on our own motion, to inquire into the question of whether the plea was in fact voluntarily and understandingly made, or whether the record sufficiently shows that it was.

Where an appeal contains no assignment of error, the judgment will be sustained unless error appears on the face of the record proper. *State v. Smith,* 279 N.C. 505, 183 S.E. 2d 649.

State v. Ford

The record proper in a criminal case ordinarily consists of (1) the organization of the court, (2) the charge (information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment. *State v. Tinsley,* 279 N.C. 482, 183 S.E. 2d 669. While the plea and arraignment are parts of the record proper, in my opinion, evidence concerning the circumstances under which the plea was entered is not.

In *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709, the Supreme Court of the United States reversed three capital convictions on the ground the record failed to affirmatively disclose that defendant voluntarily and understandingly entered his pleas of guilty. There, as here, defendant did not raise this question in his brief. (Apparently the question was argued on oral argument.) The Supreme Court nevertheless concluded that the matter was properly before it because of an Alabama statute requiring the reviewing court to comb the entire record in capital cases for " 'any error prejudicial to the appellant, even though not called to our attention in brief of counsel.' " The instant case is not a capital case and therefore is distinguishable from *Boykin.*

Since *Boykin,* we have held that the failure of the record to affirmatively show that a plea of guilty was voluntarily and understandingly entered entitles a defendant to replead. *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29. However, I do not interpret *Boykin,* or *Harris,* to mean that in a non-capital case, an appellate court must search the record to determine if it sufficiently shows that a plea was voluntarily and understandingly made where the defendant has raised absolutely no question with respect thereto.

In my opinion no error appears on the face of the record proper. I therefore vote to find no error without further inquiry.

Chief Judge MALLARD, dissenting.

Counsel for the defendant in this appeal has brought forward no assignments of error but says in his brief that the following question is raised: "Were any of defendant's constitutional or other legal rights abridged by the trial court?" The Attorney General asserts that he has searched the record and can find no error. The indictment properly charged the crime of felonious escape, and the two-year sentence was within the statutory limits. G.S. 148-45. Nevertheless, the defendant's ap-

peal does present the question whether error appears on the face of the record proper. *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647 (1971); *State v. Moore,* 6 N.C. App. 596, 170 S.E. 2d 568 (1969). In *State v. Tinsley,* 279 N.C. 482, 183 S.E. 2d 669 (1971), it is said:

> " * * * Ordinarily, in criminal cases the record proper consists of (1) the organization of the court, (2) the charge (information, warrant or indictment), (3) the *arraignment and plea,* (4) the verdict, and (5) the judgment." (Emphasis added.)

See also *State v. Roberts, supra.* That which occurs during the arraignment and entry of the plea is a part of the record proper. In my opinion, error does appear on the face of this record proper. At the time of the arraignment and entry of the plea of nolo contendere, as shown by this record, neither the trial judge nor anyone else actually informed the defendant of the nature of such plea or of the possible consequences. The trial judge did not make an adjudication that the plea was freely, understandingly and voluntarily made, and in my opinion, sufficient facts (as distinguished from conclusions) do not appear of record upon which such an adjudication could properly be made. See *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971). Therefore, I dissent from the majority opinion.

Furthermore, I do not think that the fact that the record shows that the defendant's lawyer stated to the judge that he had explained to the defendant the *effect* of a plea of nolo contendere is a sufficient showing on the record that the legal effect of the plea was explained to the defendant in such a manner *that he understood the nature of the plea and the possible consequences thereof.* It is my opinion that pursuant to the mandate of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709 (1969), when a defendant enters a plea of nolo contendere, the record must show that the *trial judge,* or someone under his direction, informed the defendant of the effect of the plea and the possible consequences thereof. In *Boykin* it is stated:

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable *in canvassing the matter with the accused* to make sure he has a full understanding of what the plea connotes and of its consequence. * * * " (Emphasis added.)

The meaning of the verb "canvass," used in this connection, is "to examine in detail." Webster's Third New International Dictionary (1968). Neither the trial judge nor anyone else under his direction *canvassed the matter* with the defendant *at the time of the arraignment and plea* to make sure he had a full understanding of what the plea connoted and of its consequence. The judge apparently relied upon the conclusions expressed to him by the defendant and by the defendant's lawyer. It is the duty of the trial judge, before accepting a plea of nolo contendere, at least to inform or cause the defendant to be informed that such plea is equivalent to a plea of guilty insofar as it gives the court the power to punish and that the court may impose judgment thereon as upon a plea of guilty, and this should appear of record. In doing so, the defendant should be informed of the possible consequences of a plea of nolo contendere and that such a plea leaves open for review only the sufficiency of the indictment and that all other defenses are waived. *State v. Norman,* 276 N.C. 75, 170 S.E. 2d 923 (1969), *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770 (1968). Since the record before us does not show that the judge, or anyone under his direction, explained the nature and possible consequences of a plea of nolo contendere to the defendant, he is entitled to have the plea of nolo contendere stricken and to replead to the bill of indictment. See an annotation in 97 A.L.R. 2d 549 entitled, "Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof."

For the foregoing reasons, I would strike the plea of nolo contendere and remand the case and permit the defendant to replead.