State v. Blake

In the defendant's trial in Superior Court we find no error.

No error.

Judges BRITT and PARKER concur.

---

STATE OF NORTH CAROLINA v. FRANK ED BLAKE

No. 727SC156

(Filed 24 May 1972)

1. Criminal Law § 25— nolo contendere — failure to inform defendant of minimum sentence

Where the trial court informed defendant that he could be imprisoned for as much as 30 years upon his plea of *nolo contendere* to a charge of armed robbery, the failure of the court to inform defendant that the minimum sentence was five years did not vitiate defendant's plea of *nolo contendere*.

2. Robbery § 6— armed robbery — sentence — cruel and unusual punishment

A sentence of not less than 20 nor more than 25 years for armed robbery is not cruel and unusual punishment since it does not exceed the maximum sentence authorized by G.S. 14-87.

APPEAL by defendant from *Blount, Judge,* 27 September 1971 Regular Session of Superior Court held in EDGECOMBE County.

Defendant, an indigent, was charged in a bill of indictment, proper in form, with the felony of armed robbery. He was represented by court-appointed counsel. Without objection, the defendant's case was consolidated for arraignment and trial with the cases of one Paul O'Berry and one Michael Lee Russell who were also charged with participation in the same armed robbery. All three of the defendants entered pleas of nolo contendere. The record on appeal does not contain what disposition was made of the cases against O'Berry and Russell. From judgment of imprisonment, the defendant, Frank Ed Blake, appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Speas for the State.*

*George M. Britt for defendant appellant.*

MALLARD, Chief Judge.

Before entering judgment, the trial judge heard testimony from the victim, Albert Gay, Jr.; Milton McLin, a deputy sheriff of Edgecombe County; and co-defendants O'Berry and Russell. Defendant Blake chose not to testify. There was no material conflict in any of this testimony. The testimony, in substance, tended to show that Albert Gay, Jr., a widower, lived alone in his home in the southwest corner of Edgecombe County, near Sharpsburg. At about 3:00 a.m. on 9 July 1971, he was awakened by the defendant Blake ringing his door bell. After putting on his pants Gay went to the door, and Blake asked him for permission to use his telephone to call an ambulance and to report an automobile wreck which Blake said had occurred near there, severely injuring someone. When Gay opened the door, Blake entered, and as Gay turned, Blake "stuck a .38 automatic" in his back and made him lie down on the floor. At that time Russell came in and Blake directed Russell to get some neckties which, along with electric blanket cords, were used to tie Gay's hands and feet. Then O'Berry came in and while Blake and Russell took turns in holding the pistol on Gay, the other two ransacked the house. They took $170 from Gay's pocketbook. Gay had theretofore welded the top of a milk can and had bolted it to the floor of his house near his bed and had placed in the can between $1,600 and $1,700, mostly in silver money. The three intruders tore this can loose from the floor and took the can and money, which together weighed 133 pounds, put it in their truck and left, leaving Gay tied up. He quickly untied himself, got his shotgun, followed them in his car and attracted the attention of a police officer as they proceeded through Nashville. The officer gave chase and stopped the truck being operated by Blake. The pistol was in the trunk and Gay's milk can with the money still in it was behind the seat.

Blake lived somewhere between Raleigh and Bunn and at the time of this trial was on probation for breaking and entering. O'Berry and Russell were from Atlanta, Georgia, and had known each other previously, but neither of them was acquainted with Blake prior to coming to Raleigh together for the purpose of participating in a robbery. (They had been contacted in Atlanta to come to Raleigh to assist in a robbery.) Blake met them at a motel after they had been in Raleigh two days.

The defendant's first contention is that the trial court erred in that it did not inform him of "all the consequences of his plea of nolo contendere," thereby making his plea not freely, voluntarily and understandingly entered. We do not agree.

The record discloses that the following occurred at the arraignment of the defendant:

"TRANSCRIPT OF PLEA

The Defendant, being first duly sworn, makes the following answers to the questions asked by the Presiding Judge:

1. Are you able to hear and understand my statements and questions?

Answer: Yes

2. Are you now under the influence of any alcohol, drugs, narcotics, medicines, or other pills?

Answer: No

3. Do you understand that you are charged with the felony of Armed Robbery?

Answer: Yes

4. Has the charge been explained to you, and are you ready for trial?

Answer: Yes

5. Do you understand that you have the right to plead not guilty and to be tried by a Jury?

Answer: Yes

6. How do you plead to these charges—Guilty, not Guilty, or nolo contendere?

Answer: Nolo Contendere

7. (a) Are you in fact guilty? (Omit if plea is nolo contendere)

Answer:

(b) (If applicable) Have you had explained to you and do you understand the meaning of a plea of nolo contendere?

Answer: Yes

8. Do you understand that upon your plea of nolo contendere you could be imprisoned for as much as 30 years?

Answer: Yes

9. Have you had time to subpoena witnesses wanted by you?

Answer: Yes

10. Have you had time to talk and confer with and have you conferred with your lawyer about this case, and are you satisfied with his services?

Answer: Yes

11. Has the Solicitor, or your lawyer, or any policeman, law officer or anyone else made any promise or threat to you to influence you to plead nolo contendere in this case?

Answer: No

12. Has anyone violated any of your constitutional rights?

Answer: ——

13. Do you now freely, understandingly and voluntarily authorize and instruct your lawyer to enter on your behalf a plea of nolo contendere?

Answer: Yes

14. Do you have any questions or any statement to make about what I have just said to you?

Answer: No"

After thus questioning the defendant, the court made the following adjudication:

"I. That the defendant, Frank Ed Blake, was sworn in open Court and the questions were asked him as set forth in the Transcript of Plea by the undersigned Judge, and the answers given thereto by said defendant are as set forth therein.

II. That this defendant, was represented by attorney, George M. Britt, who was court appointed; and the defendant through his attorney, in open Court, pled nolo contendere to Armed Robbery as charged in the bill of indictment of

and in open Court, under oath, further informs the Court that:

1. He is and has been fully advised of his rights and the charges against him;

2. He is and has been fully advised of the maximum punishment for said offense charged, and for the offense to which he pleads nolo contendere;

3. He is guilty of the offense to which he pleads guilty;

4. He authorizes his attorney to enter a plea of nolo contendere to said charge

5. He has had ample time to confer with his attorney, and to subpoena witnesses desired by him;

6. He is ready for trial;

7. He is satisfied with the counsel and services of his attorney;

And after further examination by the Court, the Court ascertains, determines and adjudges that the plea of nolo contendere, by the defendant is freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. It is, therefore, ORDERED that his plea of nolo contendere be entered in the record, and that the Transcript of Plea and Adjudication be filed and recorded."

[1] This acceptance of defendant's plea of nolo contendere and the adjudication that it was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency, met all of the requirements in *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969); *State v. Ford,* 281 N.C. 62, 187 S.E. 2d 741 (1972); and *State v. Ford,* 13 N.C. App. 34, 185 S.E. 2d 328 (1971), as well as the provisions of G.S. 7A-457(b) relating to pleas of guilty by indigents. The defendant was told he could be imprisoned for as much as thirty years, but the punishment

imposed was "not less than twenty (20) nor more than twenty-five (25) years." The defendant contends, however, that the court committed error by failing to explain to him that he had to receive a sentence of not less than five years and that this made his plea of guilty not freely, voluntarily and understandingly entered. Upon a plea of guilty or nolo contendere to the felony of armed robbery under the provisions of G.S. 14-87, the punishment is not less than five nor more than thirty years. In *State v. Harris*, 12 N.C. App. 576, 183 S.E. 2d 864 (1971), this court held that it was not prejudicial error, even though the trial judge had incorrectly informed the defendant of the total maximum punishment he could receive for the crimes to which he pleaded guilty and also failed to inform him that he could be fined. On the record before us, we hold that the failure of the trial judge to inform the defendant of the minimum sentence did not vitiate his plea of guilty.

[2] The defendant's only other contention is that the trial court erred in sentencing him to a term of not less than twenty nor more than twenty-five years because such sentence constituted cruel and unusual punishment. This contention is without merit. The punishment imposed did not exceed the maximum of thirty years' imprisonment authorized under G.S. 14-87, and it has been repeatedly held in this State that a prison sentence which does not exceed the maximum authorized by statute is constitutionally valid. *State v. Williams*, 279 N.C. 515, 184 S.E. 2d 282 (1971) and *State v. LePard*, 270 N.C. 157, 153 S.E. 2d 875 (1967).

The judgment of the superior court is affirmed.

Affirmed.

Judges CAMPBELL and BROCK concur.