STATE OF NORTH CAROLINA v. CLYDE NELSON DIXON

No. 24

(Filed 10 October 1973)

**Criminal Law § 161— appeal as exception to judgment**
    Though the record contained no assignments of error, the appeal itself constituted an exception to the judgment and presented for review only error appearing on the face of the record.

APPEAL by defendant from *Rousseau, J.,* at the 5 February 1973 Session of IREDELL Superior Court.

Defendant was charged in separate bills of indictment with the murder of Maceo Barnhardt and the murder of Edward Simpson. The cases were consolidated for trial without objection, and defendant, through his court-appointed counsel Mr. Fred G. Chamblee, entered pleas of not guilty.

The State's evidence, offered through the testimony of Sergeant J. L. Zimmerman of the Statesville Police Department, tended to establish the following: on 25 November 1972, Sergeant Zimmerman and other police officers, in response to a call, went to a dwelling located at 1132 Quincy Street in Statesville. where they found the bodies of Maceo Barnhardt and

Edward Simpson. Each of the dead men had a deep wound on the side of his head. Autopsies thereafter performed revealed that Simpson and Barnhardt died from these head wounds.

The police officers found an axe in a branch about fifty feet behind the house.

Defendant surrendered to the Iredell County Sheriff's Department on the following day.

After being advised of his constitutional rights, defendant, in writing, waived counsel and acknowledged his understanding of these rights. He then made a statement to Sergeant Zimmerman which may be summarized as follows: on the night of 24 November, 1972, defendant was assaulted by Maceo Barnhardt and Edward Simpson who beat him into a state of unconsciousness. Upon regaining consciousness, defendant picked up an axe, approached Edward Simpson, who appeared to be sleeping on a couch, and struck Simpson on the head with the axe. He went into the next room, where Maceo Barnhardt also appeared to be sleeping and struck Barnhardt on the head with the axe. He then threw the axe into a branch behind the house and told a neighbor to call the police.

Defendant stated that the deceased men were his good friends but he guessed he was mad with them because they had beat him up. He further stated that he surrendered to the authorities on the following day.

At trial, defendant himself testified to facts which were, in substance, the same as those related in his confession.

The jury returned verdicts of guilty as to both charges of murder, and defendant appealed from judgments imposing consecutive sentences of life imprisonment.

*Attorney General Robert Morgan and Deputy Attorney General James F. Bullock for the State.*

*Fred G. Chamblee for the defendant.*

PER CURIAM.

This record contains no assignments of error, however, the appeal itself is an exception to the judgment and presents for review only error appearing on the face of the record. *State v. Smith*, 279 N.C. 505, 183 S.E. 2d 649; *State v. Higgs*, 270 N.C.

111, 153 S.E. 2d 781, *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447.

Defendant was tried in a properly organized court upon regular indictments which sufficiently charged the crimes of murder. The sentences imposed are supported by the verdicts and are within statutory limits.

We have carefully examined the entire record and find

No error.