STATE OF NORTH CAROLINA v. MICHAEL S. BATES

No. 8412SC1183

(Filed 17 September 1985)

**Criminal Law § 138— failure to aid victim — improper aggravating factor**
    The trial court erred in finding as an aggravating factor for voluntary manslaughter that "defendant left the victim dying in a field and did not seek to have help sent to him."

APPEAL by defendant from *Battle, Judge*. Judgment entered 28 June 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 August 1985.

Defendant was charged in a proper bill of indictment with the armed robbery and first degree murder of Roy Lee Warren, Jr. At trial, the State's evidence tended to show the following:

Around 11:00 p.m. on 6 January 1982 Mary Godwin found defendant, seriously injured, on her front porch. Deputies called to the scene searched nearby and found the body of Roy Warren lying on a lead pipe and near a car. A .22 caliber pistol was found in the area. Also found were various items of personal property belonging to both Warren and defendant. There was blood on both the ground and the car, most of it later identified as defendant's rather than Warren's. The pathologist testified that Warren had sustained two gunshot wounds (one just grazed his cheek), thirty-two knife wounds, and a number of blows by a blunt instrument.

Defendant testified at trial as follows: He and Warren had a dispute over the ownership of the gun, and as he was getting out of the car, Warren stabbed him in the back. The two men continued to fight, with defendant beating and stabbing Warren only in self-defense. He eventually was able to break free and crawl to Mrs. Godwin's house.

After a jury trial, defendant was found guilty of robbery with a firearm and first degree felony murder and was sentenced to life imprisonment. On appeal, the Supreme Court reversed both the murder conviction and the underlying robbery conviction. *State v. Bates*, 309 N.C. 528, 308 S.E. 2d 258 (1983). On 27 June 1984 in Cumberland County Superior Court defendant pled guilty to voluntary manslaughter. At the sentencing hearing the trial judge found three aggravating factors, no factors in mitigation, ruled that the aggravating factors outweighed the mitigating factors, and sentenced defendant to fifteen years in prison, a term greater than the presumptive sentence. Defendant did not testify at this sentencing hearing. From the imposition of the fifteen year sentence, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General W. Dale Talbert, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant assigns error to the trial court's aggravation of his sentence by its non-statutory finding that "The defendant left the victim dying in a field and did not seek to have help sent to him." An aggravating factor can properly be found only if the defendant has exhibited some behavior which serves to "increase the offender's culpability." G.S. 15A-1340.3. It is error for an aggravating factor to be based on circumstances which are part of "the very essence" of a crime because "it can be presumed that the Legislature was guided by this unfortunate fact when it established presumptive sentences. . . ." *State v. Higson*, 310 N.C. 418, 424, 312 S.E. 2d 437, 441 (1984). The exceptional nature of a defendant "attempting to secure immediate medical attention for [his victim]" has been noted by the Supreme Court. *State v. Bondurant*, 309 N.C. 674, 694, 309 S.E. 2d 170, 183 (1983). We therefore conclude that the trial court erred in finding as an aggravating factor defendant's failure to aid his victim.

The Supreme Court has ruled that "in every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983). Since there must be a new sentencing hearing, we find it unnecessary to discuss defendant's remaining assignments of error.

Remanded for resentencing.

Judges ARNOLD and COZORT concur.