STATE OF NORTH CAROLINA v. JAMES HERBERT McDONALD

No. 8816SC1118

(Filed 20 June 1989)

**Criminal Law § 138.36— mitigating factor of restitution of victim — insufficiency of evidence**

The trial court did not err in failing to find as a statutory mitigating factor that defendant made substantial or full restitution to the victim in a larceny case where the evidence tended to show that defendant initially abandoned the property but later led police to its location so the police could return it to the victim; the property was not returned in the condition in which it was stolen; and defendant did not inform the police promptly. N.C.G.S. § 15A-1340.4(a)(2)(f).

APPEAL by defendant from *Ellis (B. Craig), Judge.* Judgment entered 3 May 1988 in Superior Court, ROBESON County. Heard in the Court of Appeals 10 May 1989.

Defendant was indicted on charges of robbery with a dangerous weapon, common law robbery, and larceny from the person. At the close of the State's evidence, the defendant entered pleas of guilty to two counts of common law robbery and one count of larceny from the person. The court imposed a sentence of ten years for the first common law robbery offense (88CRS1420). The court consolidated for judgment the other common law robbery offense (88CRS1418) and the offense of larceny from the person (88CRS1419).

At trial the evidence in 88CRS1418 tended to show that in the early morning of 2 February 1988 the defendant pulled into a gas station where he pumped $5.00 worth of gas. The defendant came inside the station and handed the attendant $5.00. As the attendant was putting the money into the cash register, the defendant came across the counter and put his hands in the drawer and demanded the money. The attendant never saw a weapon but did see a "bulge" which he believed to be a weapon. When the attendant reached to get his own weapon, the defendant ran. He did not get any money, but tore one $20.00 bill which he pulled out of the register.

The evidence in 88CRS1419 tended to show that on the night of 1 February 1988 at about 10:30 p.m. a nurse had parked her

car in the parking deck at the hospital where she was employed. She and another woman were walking down the sidewalk when they heard the defendant come up behind them. The defendant ran between the two women and snatched the nurse's purse.

At about 5:30 a.m. the defendant was taken into custody. An officer booked the defendant. After the defendant was advised of his rights and had given a statement, the defendant led the officer to the place where he had left the nurse's purse and wallet. Those items, along with a driver's license and bank card were recovered and returned by the police to the nurse. Whatever money had been in the purse was not found.

The cases of larceny of the person and common law robbery were consolidated for judgment. Pursuant to N.C.G.S. § 15A-1340.4(a) the court found as an aggravating factor that the defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement; the court found as mitigating factors that the defendant was suffering from a physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense, and, that the defendant had voluntarily acknowledged wrongdoing at an early stage of the criminal process. The court found that the aggravating factor outweighed the mitigating factors and imposed a sentence of ten years to begin at the expiration of the ten-year sentence imposed in 88CRS1420. Defendant appeals this sentence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred when it failed to find as a statutory mitigating factor that the defendant made substantial or full restitution to the victim in case number 88CRS1419. *See* N.C.G.S. § 15A-1340.4(a)(2)(f). We disagree.

N.C.G.S. § 15A-1340.4(b) requires the sentencing judge to list in the record each matter in aggravation or mitigation which is proved by a preponderance of the evidence. *State v. Michael*, 311 N.C. 214, 219, 316 S.E. 2d 276, 279 (1984). The factors must be proved by evidence which is substantial, uncontradicted and

manifestly credible. *State v. Jones*, 309 N.C. 214, 220, 306 S.E. 2d 451, 455 (1983). "To show that the trial court erred in failing to find a mitigating factor, the evidence must show conclusively that this mitigating factor exists, i.e., no other reasonable inferences can be drawn from the evidence." *State v. Canty*, 321 N.C. 520, 524, 364 S.E. 2d 410, 413 (1988). Trial judges are permitted discretion and latitude in ascertaining the true existence of aggravating and mitigating circumstances. *State v. Graham*, 309 N.C. 587, 592, 308 S.E. 2d 311, 315 (1983).

The resolution of this case depends on the meaning of N.C.G.S. § 15A-1340.4(a)(2)(f): "[t]he defendant has made substantial or full restitution to the victim." Traditionally, for a defendant charged with larceny to be eligible for a statutory reduction of a penalty based on restitution it is required that:

> (1) The thing stolen must be actually returned by the thief and not merely abandoned by him where the owner can get it. (2) The thing must be returned in the condition in which it was stolen. (3) The restitution must be voluntary. (4) The restitution must be promptly made, although a return within a reasonable time may suffice. (5) The restitution must be prompted by repentance for the deed, and not solely by fear of punishment . . . .

52A C.J.S. *Larceny* § 159.

N.C.G.S. § 15A-1340.4(a)(2)(f) allows for "substantial" or "full" restitution to be taken into account in finding the mitigating factor. Considering the factors listed above, the statute requires at least "substantial," though not necessarily "full" compliance with the first four factors. The fifth factor is not required, rather whether restitution is prompted by repentance does not go to the existence of the mitigating factor, but to its weight. *See Graham* at 591, 308 S.E. 2d at 315. (Defendant's motive in acknowledging guilt at an early stage does not go to the existence of the mitigating factor, but goes to its weight.)

In the larceny charge, 88CRS1419, the defendant initially abandoned the property, but later led police to its location so the police could return it to the victim. The property was not returned in the condition in which it was stolen. The defendant did inform the police promptly. In *Graham*, the defendant confessed to four break-ins and "informed the police where [some] of the stolen items

were found." *Graham* at 588, 308 S.E. 2d at 313. The Supreme Court held that the trial court did not err in failing to find that "the defendant had made substantial or full restitution to the victim." *Id.* at 592, 308 S.E. 2d at 315. The facts in this case are similar and do not conclusively establish that the defendant made substantial restitution.

No error.

Chief Judge HEDRICK and Judge WELLS concur.