STATE OF NORTH CAROLINA v. ROBERT HUGHES

No. COA98-1514

(Filed 21 December 1999)

1. **Constitutional Law— double jeopardy—waiver—pleas of guilty and no contest**

    Defendant waived his right to assert a double jeopardy violation for the crime of accessing computers when he pled guilty to the felony of obtaining property by false pretense and pled no contest to the felony of accessing computers because a plea of guilty or no contest waives all defenses other than the sufficiency of the indictment.

STATE v. HUGHES

[136 N.C. App. 92 (1999)]

**2. Sentencing— active prison sentence—restitution can only be recommended**

Although defendant failed to object to the judgments or the amount of restitution ordered at the sentencing hearing, the Court of Appeals considered this argument to prevent manifest injustice and concluded the trial court erred in requiring defendant to make restitution in the amount of $550,283.75 for the charge of accessing computers in Count III of the indictment when an active prison sentence was imposed on this count, and on remand, the trial court is required to indicate whether it is recommending that defendant is to make restitution as a condition of work release or post-release supervision.

**3. Sentencing— aggravating factor—great monetary loss— felony accessing computers—not element of offense**

Even though defendant did not object to this alleged error at the sentencing hearing, the Court of Appeals exercised its discretion and determined the trial court did not err in finding as an aggravating factor that the offense of felony accessing computers involved damage causing great monetary loss and consequently by sentencing defendant in the aggravating range because: (1) the amount of money involved in the offense is not an element of N.C.G.S. § 14-454 and only comes into play at the time of sentencing; and (2) nearly three million dollars were diverted, with Excel being forced to initiate a civil suit to recoup some of these funds at great expense and inconvenience.

**4. Sentencing— aggravating factor—great monetary loss— conspiracy**

The trial court did not err in finding as an aggravating factor that the offense of conspiracy involved damage causing great monetary loss because: (1) the evidence does support the finding of damage causing great monetary loss; and (2) the issue is not properly before the court since defendant did not state in his assignments of error that the aggravating factor cannot be applied to the offense of conspiracy.

**5. Sentencing— mitigating factors—sufficiency of evidence**

The trial court did not err in failing to find certain statutory mitigating factors because the evidence was not conclusive that: (1) defendant had made substantial restitution to the victim, since Excel was forced to bring a civil lawsuit and employ an investigator in order to obtain monies and property from defend-

ant; (2) defendant had been a person of good character or has a good reputation in the community in which he lives; (3) defendant had a positive employment history and was gainfully employed; or (4) defendant had a support system.

**6. Probation and Parole— no findings longer period necessary—intermediate punishment**

The trial court erred in placing defendant on supervised probation for a period of sixty months without making findings that a period longer than thirty-six months was necessary because defendant received intermediate punishment, and therefore, N.C.G.S. § 15A-1343.2(d) provides that he should not receive probation for more than thirty-six months unless on remand the trial court makes findings that a longer period of probation is necessary.

Appeal by defendant from judgments entered 9 June 1998 by Judge W. Russell Duke, Jr. in Superior Court, Wayne County. Heard in the Court of Appeals 4 October 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. Harris, for the State.*

*Narron, O'Hale, and Whittington, P.A., by J.M. Cook and John P. O'Hale, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Robert Hughes ("defendant") appeals from judgments entered upon his convictions based on his pleas of guilty to conspiracy, obtaining property by false pretense and five counts of aiding and abetting corporate malfeasance and his plea of no contest to felony accessing computers.

All charges arose from the embezzlement of $2,941,430.63 from the account of Excel Home Fashions, Inc. ("Excel"). Excel is a multinational corporation based in New York which manufactures shower curtains, tablecloths and related items. The crimes in issue concern the Excel plant located in Goldsboro, North Carolina.

The factual basis for defendant's guilty and no contest pleas as recited by the State for the trial court tended to show the following. When the semi-annual inventory was conducted at the Goldsboro plant in June 1997, the main operating officer found a significant shortage of funds. An investigation revealed that the problem origi-

nated in the accounting department. Discrepancies existed between computer entries of payments made to vendors and the actual payments made as evidenced by canceled checks. While the computer entries showed that checks were written to major vendors, in actuality the checks had been written to Hughes Fabric and Lace, a fictitious company from which Excel never purchased materials. The person responsible for issuing the checks to Hughes Fabric and Lace was defendant's sister, co-defendant Terry Hunter, who was employed by Excel as an accounts payable clerk.

Defendant received the checks payable to Hughes Fabric and Lace and deposited them in bank accounts at the Wachovia Bank and Centura Bank in Goldsboro. Defendant had established the bank accounts in the name of Hughes Fabric and Lace. Periodically, defendant issued checks drawn on these accounts to co-defendants Terry Hunter and Tony Hughes as well as to his parents, sister-in-law and brother-in-law. The sum of $2,941,430.63 was diverted to defendant in the form of checks payable to Hughes Fabric and Lace. Approximately 1.1 million dollars was recovered from defendant. Roughly 1.1 million dollars was diverted to co-defendants Terry Hunter and Tony Hughes. The out-of-pocket loss for Excel was $328,042.96. Additionally, Excel has proceeded civilly to recoup diverted funds at an expense of $142,446.66.

On 16 March 1998, defendant was indicted on one count of conspiracy to commit the felonies of obtaining property by false pretense, malfeasance of corporation officers and agents, and accessing computers; one count of obtaining property by false pretense; one count of felony accessing computers; one count of possession of stolen property; and fifty-nine counts of aiding and abetting malfeasance by a corporate agent. On 20 May 1998, defendant entered pleas of guilty to conspiracy, false pretense and aiding and abetting malfeasance by a corporate agent and entered a plea of no contest to felony accessing computers. All of the remaining counts were dismissed and prayer for judgment was continued.

On 9 June 1998, defendant was sentenced to an active term of imprisonment for a minimum term of eight months and the corresponding maximum of ten months for the conviction of obtaining property by false pretense. Additionally, defendant was sentenced to a minimum of sixteen months and a maximum of twenty months for felony accessing computers. Finally, defendant was sentenced to a minimum of eight months and a maximum of ten months of active imprisonment for aiding and abetting malfeasance by a corporate

STATE v. HUGHES

[136 N.C. App. 92 (1999)]

agent. The court ordered the sentences to run consecutively and ordered defendant to pay restitution in the amount of $550,283.75.

A sentence which was to run at the expiration of the active one was suspended and defendant was placed on supervised probation for a period of sixty months. The suspended sentence consisted of the following: a sentence of no less than eight months and no more than ten months for conspiracy; a sentence of no less than eight months and no more than ten months based on two consolidated counts of aiding and abetting corporate malfeasance; and a sentence of no less than eight months and no more than ten months based on two more consolidated counts of aiding and abetting corporate malfeasance. In total, defendant received a sentence of a minimum of twenty-four months and a maximum of thirty months which was suspended.

The trial court found as an aggravating factor that the offenses involved damage causing great monetary loss and found as a mitigating factor that defendant had accepted responsibility for his criminal conduct. Defendant appeals.

---

The issues presented by this appeal are whether the trial court erred: (I) in failing to arrest judgment for the offense of accessing computers; (II) in requiring defendant to make restitution for an offense for which defendant had received an active term of imprisonment; (III) in imposing a sentence greater than the presumptive sentence for the crimes of conspiracy, felony accessing computers, and for all other remaining charges; (IV) in failing to find the statutory mitigating factors submitted by defendant; and (V) in placing defendant on supervised probation for a period of sixty months.

I.

[1] Defendant argues in his first assignment of error that the trial court erred when it failed to arrest judgment for the crime of accessing computers. This issue is not properly before the Court. Defendant entered a plea of no contest to the felony of accessing computers. He entered a plea of guilty to the felony of obtaining property by false pretense. Subsequently, defendant filed a motion to arrest judgment with respect to the felony of accessing computers, arguing that to sentence him for accessing computers and for obtaining property by false pretense would amount to multiple punishment for the same offense in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 to the North Carolina Constitution. Defendant's motion was denied at sentencing.

The defendant may waive the constitutional right not to be placed in jeopardy twice for the same offense. *State v. Hopkins*, 279 N.C. 473, 183 S.E.2d 657 (1971) (holding that the defendant waived his constitutional right not to be placed in double jeopardy when he entered a plea of guilty after his plea of double jeopardy was overruled). A defense of double jeopardy is abandoned by a subsequent plea of guilty. *Id.* By knowingly and voluntarily pleading guilty, an accused "waives all defenses other than that the indictment charges no offense." *State v. Caldwell*, 269 N.C. 521, 526, 153 S.E.2d 34, 37-38 (1967) (citations omitted). Additionally, the plea of guilty waives "the right to trial and the incidents thereof and the constitutional guarantees with respect to the conduct of criminal prosecutions." *Id.* Like a plea of guilty, a plea of no contest waives all defenses other than the sufficiency of the indictment. *State v. Smith*, 279 N.C. 505, 183 S.E.2d 649 (1971) (citation omitted).

In the present case, defendant entered a guilty plea to obtaining property by false pretense and a no contest plea to accessing computers. We conclude that defendant waived the right to assert a double jeopardy violation by entering pleas of guilty and no contest. Therefore, it is not necessary for us to determine whether the evidence would show that defendant was unlawfully placed in jeopardy a second time for the same offense.

## II.

[2] By his second assignment of error, defendant argues that the trial court improperly required defendant to make restitution in the amount of $550,283.75 in the judgment entered on the charge of accessing computers in Count III of the indictment. The trial court sentenced defendant on Count III to an active term of imprisonment of not less than sixteen nor more than twenty months in the North Carolina Department of Corrections and ordered him to pay restitution. Defendant argues that the trial court may not lawfully order restitution when an active prison sentence has been imposed.

According to our rules of appellate procedure, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ." N.C.R. App. P. 10(b)(1). In the present case, defendant failed to object to the judgments or the amount of restitution ordered at the sentencing hearing. Similarly, defendant failed to object to the trial court's order that defendant make restitution in the judgments entered on

Counts XI, XVI, XIX, and I. Therefore, the issue of whether restitution was properly ordered is not properly before this Court.

Nevertheless, in order to prevent manifest injustice to defendant, we have considered the argument that the trial court erred in both requiring defendant to make restitution and imposing an active sentence in its judgment on Count III of the indictment and we find that it has merit. N.C.R. App. P. 2. When a court imposes an active prison sentence, the court may *recommend* restitution to the Secretary of Correction as a condition of work-release. N.C. Gen. Stat. § 148-33.2(c) (Cum. Supp. 1998). Additionally, the court may *recommend* restitution to the Post-Release Supervision and Parole Commission as a condition of post-release supervision and parole. N.C. Gen. Stat. § 148-57.1(c) (Cum. Supp. 1998). Finally, restitution may be ordered as a condition of probation. N.C. Gen. Stat. § 15A-1343(d).

In the present case, defendant was not placed on probation in the judgment imposed on Count III of the indictment. He received an active sentence of imprisonment of not less than sixteen nor more than twenty months. The trial court was authorized only to "recommend" that defendant make restitution as a condition of work release or post-release supervision. Therefore, the trial court did not have the authority to order defendant to make restitution in the amount of $550,283.75 in the judgment on Count III.

On remand, the trial court is directed to clarify its judgment by indicating whether it recommends defendant make restitution as a condition of work release or post-release supervision.

### III.

[3] Defendant argues in his third assignment of error that the trial court erred in finding as an aggravating factor that the offense involved damage causing great monetary loss and consequently sentencing defendant in the aggravated range. This issue is not properly before the Court. Defendant did not object to the alleged error at the sentencing hearing. Therefore, he has waived his right to appellate review. N.C.R. App. P. 10(b)(1). In our discretion, however, we have examined defendant's argument and find that it is without merit.

Under Structured Sentencing, the trial court may find as an aggravating factor that "[t]he offense involved an attempted or actual taking of property of great monetary value or damage causing great

monetary loss, or the offense involved an unusually large quantity of contraband." N.C. Gen. Stat. § 15A-1340.16(d)(14). The State bears the burden of proving by a preponderance of the evidence that the aggravating factor exists. N.C. Gen. Stat. § 15A-1340.16(a). The trial court's finding of an aggravating factor must be supported by "sufficient evidence to allow a reasonable judge to find its existence by a preponderance of the evidence." *State v. Hayes*, 102 N.C. App. 777, 781, 404 S.E.2d 12, 15 (1991).

Defendant argues that the legislature took into consideration the element of great loss when creating the presumptive offense level for the crime of felony accessing computers. North Carolina General Statutes section 14-454 provides that if the fraudulent artifice results in damage greater than $1,000, the violation is a Class G felony. N.C. Gen. Stat. § 14-454 (Cum. Supp. 1998). It is error for an aggravating factor to be based on circumstances which are part of the essence of a crime. *State v. Bates*, 76 N.C. App. 676, 334 S.E.2d 73 (1985). "Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation[.]" N.C. Gen. Stat. § 15A-1340.16 (1997).

In the present case, evidence that the offense involved damage causing great monetary loss is not necessary to prove an element of felony accessing computers. The amount of money involved in the offense is not an element of North Carolina General Statutes section 14-454. Instead, the money amount comes into play only at the time of sentencing.

> A violation of this subsection is a Class G felony if the fraudulent scheme or artifice results in damage of more than one thousand dollars ($1,000), or if the property or services obtained are worth more than one thousand dollars ($1,000). Any other violation of this subsection is a Class 1 misdemeanor.

N.C. Gen. Stat. § 14-454 (Cum. Supp. 1998).

Defendant further argues that the evidence does not support the aggravating factor of damage causing great monetary loss. We disagree. Defendant, along with his sister and brother, diverted nearly three million dollars from Excel. Defendant received $2,817,320.43 of the diverted funds. Excel was forced to initiate a civil suit to recoup some of these funds at great expense and inconvenience. The uncontroverted evidence is that Excel has out-of-pocket loss of $328,042.96, which figure does not take into account the expenses

Excel incurred in collecting funds. We conclude that the trial court did not err in finding the aggravating factor of damage causing great monetary loss.

**[4]** Defendant next argues that the aggravating factor of damage causing great monetary loss was improperly applied to the offense of conspiracy inasmuch as the evidence does not support the factor. As stated above, we believe the evidence does support the finding of damage causing great monetary loss.

Defendant also argues in his brief that the aggravating factor of damage causing great monetary loss can not be applied to the offense of conspiracy because the crime was complete when defendant and his co-defendants agreed to defraud Excel, such that no damage had occurred at the time the offense was completed. However, defendant did not state in his assignments of error that the aggravating factor can not be applied to the offense of conspiracy. "Except as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C.R. App. P. 10(a). Therefore, the issue is not properly before the Court.

IV.

**[5]** Defendant's argument in his fourth assignment of error asserts that the trial court erred in failing to find certain statutory mitigating factors. We cannot agree.

The defendant bears the burden of persuasion for mitigating factors where he seeks a term below the presumptive range. *State v. Jones*, 309 N.C. 214, 219-20, 306 S.E.2d 451, 455 (1983). Trial judges have discretion and latitude in determining whether a mitigating circumstance exists. *State v. Graham*, 309 N.C. 587, 592, 308 S.E.2d 311, 315 (1983). When a defendant argues that the trial court erred in failing to find a mitigating factor, he must show that "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn and that the credibility of the evidence is manifest as a matter of law." *Jones*, 309 N.C. at 220, 306 S.E.2d at 455 (quoting *North Carolina National Bank v. Burnette*, 297 N.C. 524, 536-37, 256 S.E.2d 388, 395 (1979)). The court must find a mitigating circumstance when the evidence that it exists is substantial, uncontradicted, and manifestly credible. *Id.*

Defendant requested that the trial court find that he had made substantial restitution to the victim, that he had been a person of

good character or has a good reputation in the community in which he lives, that the defendant had a positive employment history and was gainfully employed and that he had a support system. The trial court declined to make any such findings in mitigation.

Defendant argues that the uncontradicted and manifestly credible evidence of record shows that defendant made substantial restitution to the victim for purposes of North Carolina General Statutes section 15A-1340.16(e)(5). In *State v. McDonald*, 94 N.C. App. 371, 380 S.E.2d 406 (1989), our Supreme Court found that the trial court did not err in failing to find the mitigating factor that the defendant had made substantial restitution in a larceny case where the defendant initially abandoned the stolen property but later led police to it. In the present case, Excel was forced to bring a civil lawsuit and employ an investigator in order to obtain monies and property from defendant. By analogy to *McDonald*, the facts in this case do not conclusively establish that defendant made substantial restitution.

Defendant argues that the uncontradicted and credible evidence offered at the sentencing hearing and contained in the pre-sentence investigative report demonstrates that defendant was a person of good character or had a good reputation in the community in which he lived. At the sentencing hearing, counsel for defendant indicated that seven people were present who "would testify" that defendant had a support group and enjoyed a good reputation. However, no such testimony was offered as the parties agreed that the attorneys would recite the evidence to the court in lieu of formal evidentiary presentation. The pre-sentence investigative report contains three character references. One is from defendant's employer of less than one year. The other references are from defendant's sister and mother-in-law. We believe that the trial court could in its discretion determine that this evidence was not manifestly credible or that it was not substantial enough to conclusively establish that defendant was a person of good character or had a good reputation in his community.

Finally, we do not believe that defendant met his burden of proving by a preponderance of the evidence that he had a positive employment history and was gainfully employed. Counsel for defendant stated in the sentencing hearing that defendant "at all times, since graduation from high school, has been in school and has been gainfully employed." Additionally, counsel for defendant stated that defendant "works every day."

The pre-sentence investigative report provides the following evidence in support of defense counsel's claims. Defendant began working for Goldsboro Drug Company in December 1993. The record does not disclose how long defendant was employed by Goldsboro Drug Company. Defendant began working for R. L. Dresser in Raleigh, North Carolina in August 1997 and stopped working in November 1997. The record suggests that defendant was simultaneously working for ProSound II in Kinston, North Carolina, as he was employed there in September 1997. He worked full time for ProSound II until he was arrested in March 1998. In summary, the pre-sentence report indicates that defendant held one full-time job for about six months. The trial court in its discretion could have found that this employment history did not amount to substantial or manifestly credible evidence that defendant had a positive employment history or was gainfully employed. We conclude that the trial court did not err in failing to find the above mentioned statutory mitigating factors.

V.

**[6]** In his fifth assignment of error, defendant argues that the trial court erred in placing defendant on supervised probation for a period of sixty months without making findings that a period longer than thirty-six months was necessary. We agree.

According to North Carolina General Statutes section 15A-1343.2(d):

> Unless the court makes specific findings that longer or shorter periods of probation are necessary, the length of the original period of probation for offenders sentenced under Article 81B shall be as follows:
>
> . . . .
>
> (4) For felons sentenced to intermediate punishment, not less than 18 nor more than 36 months[.]

N.C. Gen. Stat. § 15A-1343.2(d) (1997). Defendant received intermediate punishment for Counts XI, XVIII, XVI, XIX and I. Therefore, the length of probation should not have exceeded thirty-six months. North Carolina General Statutes section 15A-1343.2(d) does provides that "[i]f the court finds at the time of sentencing that a longer period of probation is necessary, that period may not exceed a maximum of five years . . . ." N.C.G.S. § 15A-1343.2(d). In the present case, however, the trial court did not make a finding that a longer period of pro-

BIO-MEDICAL APPLICATIONS OF N.C., INC. v. N.C. DEP'T OF HUM. RES.

[136 N.C. App. 103 (1999)]

bation was necessary. We conclude that the case should be remanded for resentencing so that the trial court may designate a probationary period in accordance with North Carolina General Statutes section 15A-1343.2(d) or make findings that a longer period of probation is necessary.

Affirmed in part, reversed in part and remanded for resentencing.

Chief Judge EAGLES and Judge MARTIN concur.