STATE OF NORTH CAROLINA
v.
DANE EAROLD CHANCE
No. COA08-994
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Daniel D. Addison, for the State
Don Willey, for defendant-appellant.
JACKSON, Judge.
On 23 April 2007, Dane Earold Chance ("defendant") was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. The case was tried at the 3 December 2007 Criminal Session of Forsyth County Superior Court. Following the jury's verdict finding defendant guilty, defendant pled guilty to additional, pending charges of robbery with a dangerous weapon, second degree kidnaping, and possession of cocaine. Defendant appeals the trial court's judgment and commitment orders entered 6 December 2007. For the following reasons, we hold no error.
The State presented evidence at trial which tended to show the following: On 23 March 2007, Nathan Parker ("Parker") was walkingalong Peters Creek Parkway when he saw defendant. Parker testified that he had met defendant about five years prior, through his ex-girlfriend, but "beyond that, we never [] socialized . . . ." Parker described defendant as "wearing a red shirt, dark tan-looking pants, and some tennis shoes, like deck shoes. . . . He had a full beard[,] and he had a big Afro."
Parker stated that defendant jumped in front of him, pulled out a knife, and asked him where his money was. Parker responded by asking, "What money? What [are] you talking about?" The two men then began struggling. Parker fell down an embankment, and the struggle continued. As they were struggling, defendant "kept on stabbing" Parker. Finally, Parker bit defendant on his shoulder, and he tried to crawl back to Peters Creek Parkway. However, at that point, a second attacker hit him in the back of his head. The second attacker hit him repeatedly in the back, before eventually leaving. Parker suffered twelve stab wounds in the attack, and was taken to Baptist Hospital for treatment of his injuries.
On 5 December 2007, a jury found defendant guilty as charged. Following entry of the verdict, defendant pled guilty pursuant to a plea agreement to unrelated, pending charges of robbery with a dangerous weapon, second degree kidnapping, and felony possession of cocaine. The trial court consolidated the kidnapping and possession of cocaine convictions for sentencing, and sentenced defendant to consecutive terms of ninety to 117 months imprisonment for the assault count, seventy-seven to 102 months imprisonment for the robbery count, and twenty-nine to forty-four months imprisonment for the kidnapping count. Defendant appeals.
Defendant first argues that the trial court erred by admitting into evidence a photographic array including his picture because the array was overly suggestive and prejudicial. Defendant notes that Parker described his attacker as wearing a red shirt, and that he was the only person in the photographic array wearing a red shirt. Defendant argues that only after seeing the array did Parker positively identify him. Defendant asserts that "the red shirt alone sufficiently taints the array so as to call into question fundamental justice." Therefore, defendant argues that the photographic array should not have been admitted into evidence.
After careful review of the record, briefs, and contentions of the parties, we hold no error. Even assuming, arguendo, that the photographic array was impermissibly suggestive, we conclude that defendant waived any objection to its admission. First, defendant failed to make a motion to suppress the photographic lineup prior to trial. Second, at trial, Parker testified that he was shown a photographic lineup of possible suspects, and he picked out defendant. Defendant did not object to this evidence. Thereafter, Officer Mark Cranford of the Winston-Salem Police Department testified that he showed Parker a photographic lineup containing defendant's picture, and Parker selected defendant's photograph. Again, defendant did not object to this evidence. It was not until the State sought to introduce the actual photographic lineup into evidence that defendant finally objected. However, at this point, any argument by defendant that the lineup was impermissibly suggestive had been waived. See State v. Alford, 339 N.C. 562, 570, 453 S.E.2d 512, 516 (1995) (holding that "[w]here evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost").
Furthermore, we note that had the trial court sustained defendant's objection to admission of the photographic array, its only practical effect would have been to deprive the jury of seeing the actual photographic array. As noted, supra, Parker already had testified without objection that he previously had identified defendant from a photographic lineup, and he already had identified defendant at trial. "The erroneous admission of evidence requires a new trial only when the error is prejudicial." State v. Chavis, 141 N.C. App. 553, 566, 540 S.E.2d 404, 414 (2000) (citing State v. Locklear, 349 N.C. 118, 149, 505 S.E.2d 277, 295 (1998), cert. denied, 526 U.S. 1075, 143 L. Ed. 2d 559 (1999)). "To show prejudicial error, a defendant has the burden of showing that `there was a reasonable possibility that a different result would have been reached at trial if such error had not occurred.'" Id. (citing Locklear, 349 N.C. at 149, 505 S.E.2d at 295; N.C. Gen. Stat. § 15A-1443(a)). In light of the above evidence, admission of the photographic array would not have been prejudicial even if defendant had not waived his objection to its admission already. See State v. Grant, 178 N.C. App. 565, 576, 632 S.E.2d 258, 266 (2006) ("`Erroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the state's primary contentions, or where there is overwhelming evidence of [the] defendant's guilt.'") (quoting State v. Weldon, 314 N.C. 401, 411, 333 S.E.2d 701, 707 (1985)), disc. rev. denied and appeal dismissed, 361 N.C. 223, 642 S.E.2d 712 (2007). Accordingly, we overrule defendant's assignment of error.
Defendant next argues that his punishment for both robbery with a dangerous weapon and kidnapping violated double jeopardy. However, we decline to review defendant's assignment of error. B y pleading guilty, defendant waived all defenses other than the sufficiency of the indictment. See State v. Hughes, 136 N.C. App. 92, 97, 524 S.E.2d 63, 66 (1999) (holding that "defendant waived the right to assert a double jeopardy violation by entering pleas of guilty and no contest"), disc. rev. denied, 351 N.C. 644, 543 S.E.2d 878 (2000). Therefore, defendant waived the right to assert any alleged double jeopardy violation. Accordingly, we hold no error.
No error.
Judges McGEE and Robert C. HUNTER concur.
Report per Rule 30(e).